(47 South. 367.)

No. 17,323.

GAUTHIER v. LAPEYROUSE.

In re LAPEYROUSE.

(Oct. 10, 1908.)

1. ELECTIONS — CONTESTS — JURISDICTION — JURY TRIAL.
    Act No. 129, p. 197, of the Extra Session of the Legislature of 1877, repeals in part, at least, section 1422 of the Revised Statutes.

2. SAME.
    Act No. 24, p. 27, of 1894, provides that contested election cases shall be tried in all respects as ordinary suits, except that they shall be tried by preference.

3. SAME.
    This leaves section 1422, cited above, without effect and repealed to the extent that it directs in mandatory terms that the trial shall be proceeded with before the court and jury.

(Syllabus by the Court.)

Application by Alcide Lapeyrouse for writs of certiorari and prohibition to prohibit the district judge from proceeding further in the case between relator and Louis Charles Gauthier. Application denied.

Hacker & Muller, for relator. Martin, Voorhies & Martin, for respondent.

BREAUX, C. J. Relator shows by his petition that he was duly qualified and commissioned as a member of the police jury of the parish of St. Martin, Third Ward. He avers that his right to that office is contested by Louis Charles Gauthier, who claims that he was elected on the 16th day of May, 1898.

To the petition of Gauthier in the district court relator interposed an exception on the ground that the court was without jurisdiction to try the case, as under the law, it being a contested election case, it should be tried by the court and jury.

The exception was overruled by the court.

Relator then applied to this court for a writ of prohibition to the district judge to prohibit him from proceeding further in the exercise of jurisdiction in the case.

Relator, in support of his application, invokes section 1422 of the Revised Statutes, and urges that it has not been repealed; that Act No. 129, p. 197, of 1877, Extra Session, did not repeal it.

We are not inclined to discuss that proposition to any length, as we do not conceive that it is necessary.

We will state, however, while the section of Act No. 129, p. 197, of 1877, is not directly a repealing section, it does repeal, to some extent at least, section 1422 of the Revised Statutes as relates to cases in which judges of the trial court are recused; and it shows a decided intention in the direction of repeal, as relates to jury trial in all contested election cases, for it cannot be in reason that the Legislature intended that cases in which judges are recused should be considered as treated differently, as to jury trial, from the cases in which the judges are not recused.

It is reasonable to conclude that it was the intention to treat the same way both the cases in which the judge is recused as those in which there is no recusation.

But the section of the Revised Statutes in-

voked was repealed by Act No. 24, p. 27, of the Legislature of 1894.

It expressly provides that suits in contested election cases, shall be tried as ordinary suits.

It is true that section 1422, the one which relator alleges has not been repealed, is not expressly referred to in Act No. 24, p. 27, of 1894. That article, however, provides the tribunal to try contested election cases. The sovereign authority directs to which court the complainant shall take his trouble for settlement.

The general terms of the law includes all cases.

When the law orders that a case shall be tried as an ordinary case, as it does in the cited law, supra, it is not in contemplation that there should be a jury trial, unless either or both of the parties to the litigation ask for a jury trial.

In our opinion, the court has jurisdiction to try the case. All cases classed as ordinary cases are to be so tried, unless there is some expression in the law to indicate that it must be tried by jury.

This leaves section 1422, cited above, without effect and repealed to the extent that it directs in mandatory terms that it shall be proceeded with before the court and jury.

For these reasons, the application is not granted, relator's demand is denied, and his petition dismissed.