For reasons assigned, the judgment appealed from is affirmed.

PROVOSTY, J., takes no part, not having heard the argument.

(48 South. 999.)

No. 17,512.

In re DEAL.

DEAL v. HODGE.

(March 29, 1909.)

JURY (§ 58*) — WAIVER OF RIGHT TO JURY TRIAL—ELECTIONS.

The provisions of section 1426 of the Revised Statutes have been abrogated and replaced by those of Act No. 135, p. 216, of 1898. (Gauthier v. Lapeyrouse, 122 La. 35, 47 South. 367.)

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 58.*]

(Syllabus by the Court.)

Election contest between Charles Deal and Thomas G. Hodge. On an order refusing contestant the right to have the case tried by a jury, he applies for writs of certiorari, mandamus, and prohibition. Judgment reversed, and writ of mandamus ordered.

Edgar Williamson Sutherlin, Lewel Colbert Butler, and Hugh Conniff Fisher, for relator. Blanchard, Barret & Smith, for respondent. Respondent Judge, pro se.

## Statement of the Case.

NICHOLLS, J. In relator's application for the writs mentioned he alleged:

"That at the general election held in this state on the 3d day of November, A. D. 1909, relator and Thomas G. Hodge were opposing candidates for the office of trustee or city councilman in and for the Ninth municipal ward of the city of Shreveport, said parish, and that petitioner was duly elected at said election to said municipal office, but said Hodge was erroneously and illegally returned as elected to said office by the commissioners of election in said municipal ward, and the city council of said city, on the face of said returns made by said commissioners, had recognized and admitted said Hodge's right to hold said office and to exercise and enjoy the rights, privileges, and functions thereof; and

"That relator has contested the rights of said Hodge to said office, and on November 5, 1908, he presented to the said city council, at the meeting thereof held according to law to promulgate and announce the result of said election, his protest against the promulgation of said returns and the announcement of the result of said election as showing said Hodge as elected to said office, but his protest was ignored by said city council, and said Hodge was announced and declared elected to said office by said city council at said meeting, and that relator thereafter, on November 13, 1908, before said Hodge was inducted into said office, and before the newly elected city council for said city was organized or inducted into office, instituted a suit in the First judicial district court of Caddo parish, La., against said Hodge, contesting his right to be inducted into said office, or to exercise and enjoy the right, privileges, and functions thereof, and therein prayed for an injunction restraining said Hodge from entering into said office or exercising the rights, privileges, and functions thereof, said suit being entitled 'Charles Deal v. Thomas G. Hodge,' No. 12,501 in said court, and that on relator's application for said injunction a rule nisi was ordered by said court, and on December 16, 1908, defendant filed an answer to said rule nisi, and on the hearing of said rule said injunction was refused by said court, and that thereafter, on November 25, 1908, the defendant Hodge filed his answer to said suit in said court, and that relator in his petition in said suit prayed for trial by jury in said suit, as he was entitled by law to have, and that on the —— of ——, 190—, the court ordered a trial by jury in said case, and relator, on January 20, 1909, gave and filed the necessary jury bond and made the necessary jury deposit in said suit, and that at the time of the institution of said suit no jury was in attendance on said court for the trial of said case, and that on December 20, 1908, a jury was drawn by the jury commissioners for said court to serve for three respective weeks, commencing January 18, 1909, and January 25, 1909, and February 1, 1909; and

"That on Saturday, January 16, 1909, relator made application to said court in open court to fix said case for trial for the first of said jury weeks of court, and said case was fixed for trial for Thursday, the 21st day of January, 1909, and that the trial of another jury case was taken up and occupied the attention of the court during January 21 and 22, or the greater part of January 22, 1909, too late to impanel a jury in said case on that day, and plaintiff's counsel then made application to said court to impanel a jury the next day, January 23, 1909; but the court discharged the jury on January 22, 1909, on account of there being other business before the court on Saturday, January 23,

1909, and on account of the protracted and arduous services rendered by the jury during that week, but the judge, on discharging the jury, stated he would order the drawing of a special jury to try said case if the plaintiff required it; and

"That plaintiff's counsel applied to the judge and district attorney having charge of the criminal cases in the other section of the court to consent to the service of the regular panel or venire so drawn as aforesaid to try said case during the following week of said court, commencing on January 25, 1909, but said judge and district attorney in charge of the criminal cases in the criminal section of the court would not consent thereto, on account of the large docket and large volume of business in the criminal section of said court during the said following week, requiring the services of the regular panel or venire of jurors in the criminal section of the court during the whole of the following week, commencing January 25, 1909; and

"That relator on January 23, 1909, filed a motion in open court to advance said case on the docket as a preference case, and that the same be proceeded with and tried as a preference case, and that it be set down for trial for a fixed day, and that a special jury be drawn to try said case as provided by law; and

"That the plaintiff's counsel then asked in open court that said case be set down for trial on Thursday, January 28, 1909, but defendant's counsel then in open court suggested that the sheriff would not probably have time to summon a special jury for Thursday, January 26, 1909, but that it would be better to set the case down for Tuesday, February 2, 1909, and the case was accordingly set down for trial for Tuesday, February 2, 1909, and the court then ordered the jury commissioners to draw a special jury to try said case on that day as so fixed; and

"That on Tuesday, February 2, 1909, when said case was called for trial in said court with the special jury so drawn and summoned, and then in attendance on the court for the trial of said case, the defendant's counsel then filed a motion to quash the special panel and venire of jurors so drawn and then in attendance on the court for the trial of said case on February 2, 1909, on the alleged grounds and for the alleged reasons that only 30 jurors had been drawn on said special panel and venire, and that said special panel and venire had been drawn by the jury commission of the said parish, and that said special panel and venire of jurors should have been drawn by the clerk and sheriff, and that 50 jurors should have been drawn on said panel, as provided in section 1426 of the Revised Statutes of Louisiana, and that, after argument of said motion, plaintiff's counsel contending that the said special jury had been legally drawn and was composed of the legal number of jurors, and defendant's counsel urging that the jury had not been legally drawn and was not composed of a legal number of

jurors, the said court sustained said motion, and quashed said panel and venire of jurors, and discharged said special jury, and to which ruling of the court plaintiff's counsel at the time excepted and reserved a bill of exceptions, which was signed, and that thereafter plaintiff's counsel at once asked the court to summon another special jury to try this case in some legal manner, urging that it was a preference case and should be tried without delay, and after more argument the court reserved any further ruling on the request for the drawing of another special jury until the next morning, Wednesday, February 3, 1909; and

"That on Wednesday, February 3, 1909, defendant's counsel filed a motion and plea to the effect that section 1426 of the Revised Statutes of 1876 provided that the jury should have been drawn by the clerk and sheriff within three days after the contestant and voters caused their petition to be filed, and that, the jury not having been drawn in that manner and within that time, the delay amounted to an acquiescence on plaintiff's part of defendant's right to the municipal office in contest, and defendant pleaded 'the said delay of more than three days as an estoppel and in bar of plaintiffs further proceeding in said suit,' and that after argument the court finally sustained said motion and plea, and dismissed plaintiff's suit, and plaintiff's counsel reserved a bill of exceptions to said ruling, and said bill of exceptions was accordingly signed; and

"That on February 4, 1909, plaintiff filed a motion for a new trial, and for the vacating and setting aside of the decree dismissing the said suit, and for the reinstatement of said case on the docket of said court for trial according to law, and on February 6, 1909, plaintiff filed a motion in said court for the fixing of said case for trial and for an order to the jury commission to draw such a number of jurors as the court may deem necessary to constitute a special venire of jurors to hear and determine said case, said drawing to be made in accordance with the forms prescribed by Act No. 135 of the General Assembly of this state for 1898, relative to juries, etc., approved on the 13th day of July, 1898, to attend the court for the trial of this case on the day fixed for the trial thereof, and that after argument of said motion the court on February 13, 1909, rendered a written opinion whereby said order and decree dismissing said suit was annulled, vacated, and set aside, and said case was reinstated on the docket of said court, but the court held that plaintiff was not entitled to trial by jury, because a jury had not been drawn by the clerk and sheriff within three days after the plaintiff's petition was filed, as provided by section 1426 of the Revised Statutes, the court holding that the 'first jury was improvidently granted and illegally drawn, and was correctly set aside, and that for the reason the jury asked for in plaintiff's motion should not be granted, both as coming too late and not being in accordance with law,' and although the court annulled, vacated, and set aside the order and decree dis-

missing the said suit, and reinstated the same on the docket thereof for trial, the court further decreed that plaintiff's application for the drawing of the jury came too late and was not in accordance with law, and therefore it was refused and denied.   *   *   *

"Relator represents that the court had ordered the trial of said case by jury, and relator had made the necessary deposit and given the necessary bond for jury costs, and that there was then no jury in attendance on said court to try said case, and that he is entitled to have said case tried as a preference case by a special jury, to be drawn therefor by the jury commission in accordance with the provisions of act No. 135 of the General Assembly of 1898 relative to juries, etc., approved July 13, 1898, and to have the judgment and decree of said court, refusing relator the right to have said case tried by jury, annulled, abrogated, and set aside, and that the judgment and decree of said court, refusing to give relator a trial of said case by jury, worked an injury to him and deprived him of his legal rights in the premises, save in an application to the Supreme Court under its general constitutional supervisory powers over the district court. Relator annexed hereto certified copies of all the proceedings had in said case, including the procès verbal of the drawing of the jury for said court for January, 1909, as aforesaid, and the special jury drawn to try this case, which was quashed and set aside, and including the minutes of the court in said case, and a certificate of the clerk that the jury deposit was made by plaintiff." .

### Opinion.

The relator in this case, on November 13, 1908, filed a petition claiming that he had been elected a member of the city council of the city of Shreveport, for the Ninth municipal ward of that city, at an election held for that purpose on the 3d of that month, but that the commissioners of election had erroneously and illegally returned and proclaimed that Thomas G. Hodge had been elected to that position at that election.

Under allegations appropriate to such an issue, he asserted his right to the position and contested that of Hodge to the same. In that petition he prayed for trial by jury as provided by law. It is alleged in relator's application, and not denied, that the court issued an order for the drawing of a jury. A jury panel of 30 persons was in fact drawn, but by the jury commissioners. No panel of 50 jurors was drawn by the clerk of the district court, the sheriff, and the recorder, under section 1426 of the Revised Statutes. Objection having been made by the defendant to the panel so drawn, it was quashed and set aside.

The only question presently before the court is whether, a jury not having been drawn within the time fixed for the drawing of a jury by the clerk, sheriff, and recorder, under section 1426 of the Revised Statutes, the plaintiff in that case forfeits the right to have those issues tried by a jury when the case should go to trial. The district judge held that the delays mentioned in section 1426 of the Revised Statutes for the drawing of a jury having expired, it was too late for any jury to be drawn thereafter, and the case would have to be tried before the judge alone. The failure of the proper officers to draw a proper jury within the time in which the law made it their duty to have acted, carried with it the right of the defendant to have the panel set aside, and, at most, the right to exact that a new panel be drawn. The error committed by the jury commissioners, if such it was, in drawing the jury at all, and the errors committed by that body, if errors there were, in drawing the jury, were not imputable to the plaintiff in the suit. The defendant in this case had been inducted into office and would discharge the duties of the office without opposition until the issues should be finally decided. No rights would be interfered with by the impaneling of a new jury. A jury impaneled at one time was as competent to pass upon the issues involved as that impaneled later. Time was not of the essence of the drawing of the jury. The provisions of the law on that subject were merely directory, not sacramental, carrying as a penalty for nonobservance the loss of the right to a trial by jury. No principle of law was involved in the matter. Juries, even in criminal cases, are constantly being set aside for fail-

ure of those charged with duties connected therewith to comply with the requirements of the law in drawing them and in summoning jurors, in the matter of time, as well as other matters, without forcing the issues to be tried thereafter by the judge alone. The whole question in this case is one of costs. It is not claimed that relator has failed to make the deposit of $12 required by law to be deposited by the party asking for a jury trial, nor that he has not given a bond to cover future costs. We are of the opinion that the court erred in holding that the right to a trial by jury was lost.

The right of the relator to a trial by jury has not been lost. The provisions of section 1426 of the Revised Statutes have been abrogated and replaced by the provisions of act No. 135, p. 216, of 1898. Gauthier v. Lapeyrouse, 122 La. 35, 47 South. 367.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the district court refusing to grant relator's application for a trial by jury of the issues involved in the case of Charles Deal v. Thomas G. Hodge, in which relator is the plaintiff, and holding that he has lost the right to a trial by jury in that case, be and the same is hereby annulled, avoided, and reversed. It is further ordered and decreed that a writ of mandamus issue to the district judge, ordering him to grant relator's application for a trial by jury, said jury to be drawn by the jury commissioners under the provisions of Act No. 135, p. 216, of 1898, under order of the district court.