(57 South. 1007.)

No. 19,318.

ROUSSEL v. DORNIER et al.

In re ROUSSEL.

(March 11, 1912.)

*(Syllabus by the Court.)*

1. ELECTIONS (§ 152*) — POWERS OF POLITICAL COMMITTEES—ELIGIBILITY OF CANDIDATES.

A Democratic parish committee has no power to pass upon the eligibility of candidates for public office as they are not charged with judicial functions nor clothed with juridical power.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 134; Dec. Dig. § 152.*]

2. ELECTIONS (§ 154*)—ELIGIBILITY OF CANDIDATES.

If one who is ineligible has received the majority of votes in a primary election, his right to hold office cannot be tested in a suit brought by an unsuccessful candidate, seeking to be declared entitled to the office, but the question of his eligibility must be tested in a suit brought in the name of the state.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

3. ELECTIONS (§ 154*) — SUPREME COURT — ELIGIBILITY OF CANDIDATES AT PRIMARY.

As the Democratic parish committee is without legislative authority to decide questions of eligibility, this court cannot order it to do so, and under the law regulating primaries this court is without authority to decide the question of eligibility of any candidate.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Application by Christopher Roussel for writs of mandamus and certiorari against Joseph B. Dornier and others. Petition dismissed.

See, also, 129 La. 930, 57 South. 272.

B. R. Forman, for relator.

BREAUX, C. J. Relator and three other citizens were candidates for the Democratic nomination for the office of sheriff of the parish of St. James.

Two of the candidates, Emile Dickey and Louis Le Bourgeois, withdrew as candidates for the office prior to the 23d day of January last. There remained two candidates—relator, Christopher Roussel, and Joseph B. Dornier.

The relator, Roussel, timely objected to the candidacy of the latter on the ground that he (Dornier) was a deputy registrar of voters in the actual exercise of the duties of that office, and as such officer was in control of the registration of the parish of St. James; that he issued certificates of registration within three months previous to his becoming a candidate for the Democratic nomination of sheriff; that as Emile Dickey and Louis Le Bourgeois had withdrawn their candidacy before the 23d day of January, and as Dornier was ineligible for reason stated, he (Roussel) was the only eligible candidate.

Relator protested against the refusal of the Democratic committee to recognize him as the only candidate. Notwithstanding his protest, the committee permitted Joseph B. Dornier to become a candidate and his name was accordingly printed on the official ballot, is substantially the statement of the relator for a writ of mandamus and certiorari; and, further, the complaint of relator is that, as Dornier was ineligible, he (Roussel) should have been declared the nominee by the committee, as he was the only eligible candidate, and that the refusal of the committee to grant his application to be thus declared was an illegal act on the part of the Democratic committee. He (Roussel) sought to have the alleged illegality corrected by applying to the district court for St. James parish.

Joseph B. Dornier filed an exception to the jurisdiction of the court; this exception was sustained, and relator Roussel's suit dismissed on the 29th day of February, 1912.

On the 2d day of March, 1912, this court on relator's motion ordered the papers to be forwarded in order to examine into the legality and validity of the proceedings. Whether the courts have jurisdiction to decide the question now at issue is now before us for decision.

As relates to form, relator has complied with every requirement; he has timely protested and applied to the court setting forth the rights he claims.

In the absence of jurisdiction conferred by legislative action, the political committee, appointed under the statute regulating primary elections, are without the power, and the courts are without the jurisdiction to determine who shall be the candidate or who shall not be the candidate because of the eligibility of the one and the ineligibility of the other. The question is limited to authority conferred or not conferred by the primary election law, and is not before the court under the remaining laws (unrepealed) relating to contested elections.

[1] The committee has enumerated powers; but not one relates to the power of passing upon the eligibility of a candidate and of directing that his opponent shall be the candidate.

A candidate may protest and assert many rights before the committee; but his protest cannot be made to serve the purpose of compelling the committee to pass upon the eligibility of his opponent to the end that he may be declared the only candidate.

To grant the protest here, the committee would have had to pass upon the ineligibility of the protestant and at the same time rule that the protestant, a minority candidate, was the candidate.

Such a declaration by the committee could only be declined under the act to which it owes its existence.

[2] The committee not being invested with the power to pass upon the qualification of candidates, the courts are without jurisdiction to compel the committee to decide or to assume jurisdiction of questions not within the committee's power to decide.

The candidate has certain personal rights, it is true; but they are not unlimited, at any rate as relates to the eligibility of an opponent.

The alleged ineligibility of the candidate raises a question in which the state is concerned. She cannot be entirely ignored. In her name, only, inquiry can be made into the eligibility of the one who seeks to be an officer. In case of ineligibility in her name, it may be ascertained whether the election is null, and that another election should be ordered, or whether the minority candidate was the legal candidate.

It is not left to private action by private person.

It must be sought by the state and private persons acting with the state.

It does not lie with the committee to decide that a minority candidate shall be the local executive officer of the state, or, at any rate, nor before a statute is adopted conferring the power of jurisdiction.

For reasons assigned, the order nisi is recalled and discharged, and relator's demand is denied and his petition dismissed.