No. 349

First Circuit

## DUPLESSIS v. HARRELL

(October 3, 1928. Opinion and Decree.)

C. C. Weber, of Donaldsonville, attorney for plaintiff, appellant.

Chas. T. Wortham and Walter Lemann, of Donaldsonville, attorneys for defendant, appellee.

MOUTON, J. Plaintiff and defendant were rival candidates for member of the School Board at the Democratic Primary held in the sixth ward, Parish of Ascension, September 11, 1928.

The tabulation by the Democratic executive committee of the votes cast at that election shows that plaintiff received 31 votes and defendant 34, giving a majority of three votes to the latter on the face of the returns. Harrell, defendant, was declared the nominee.

Plaintiff files this suit claiming that he is entitled to the nomination. His demand was rejected. He appeals.

Among other allegations of the plaintiff, he avers that he was nominated as member of the School Board, for the reason that the said W. H. Harrell was not a qualified candidate for said position, because at the time the primary was held, or when this contest was filed, he was not assessed "for not less" than $500.00 of individual or community property in the Parish of Ascension. Under the provisions of Section 11 of Act 97 of 1922, any person who has filed his application to become a candidate, may file in writing with the committee calling the primary his objections to the application of any other candidate, in which he may state the reasons why such other candidate is not duly qualified under the qualifications prescribed by the party calling the primary. It is obvious that such objections must be directed to the qualifications, which the committee, as a political body, may prescribe, and can have no possible reference to the property qualifications which a member of the School Board must possess as required by Section 17 of Act 100 of 1922. The qualifications which the committee may prescribe have reference exclusively to the nomination of the candidate, and those demanded under the provisions of Act 100, to his election.

The contestant neither alleges nor contends, that he has filed with the committee which called the primary, any objections whatsoever as to the qualifications of contestee for the office in contest. This, contestant was imperatively required to do, under Section 11 of Act 97 of 1922 within five days after the last day upon which persons may file notifications to become candidates. There was, therefore, no action taken by the committee in this respect which could be reviewed by the Courts, as provided for in Section 11 of that Act. In regard to the complaint that contestee is not qualified to hold the office because he is not assessed in the sum of at least $500.00, as required by Act 100 of 1922, raises an issue which altogether premature, as such a question could be raised only after the election of contestee to the position in dispute, to which, for aught we know, he may never be elected.

The other part of the complaint of contestant is directed against the qualifications of four voters who are alleged to have voted for defendant. These attacks were made against the right of these voters to be on the registration roll. Such an attack must be made prior to the primary election. A candidate should not be permitted to take the chances of securing such votes, and after realizing that he has failed to get them, attack their right to be registered. The four votes charged to be illegal are the following: Joe Picard, Joe Dugas, Walter Gaudin and Mrs. Elise Conger. The vote of Joe Dugas is attacked for the alleged reason that Dugas was not a resident of the ward in which said election was held. The votes of Joe Picard and Walter Gaudin were attacked because

they were illegally registered. The vote of Mrs. Elise Conger was attacked because she was married to a gentleman who is a British subject. The objection to the last vote is abandoned in this Court.

The votes of Joe Picard and Walter Gaudin are attacked, as previously stated, because they were illegally registered. This allegation in substance admits that they were registered and therefore cannot be entertained for the reason that such attacks should have been made before the primary election. The vote of Joe Dugas was attacked because he was no longer a resident of the ward in which the election was held. It is impliedly admitted that he was registered, and there is no allegation as to the time he removed from the ward. This is an indirect attack upon the right of Dugas to be on the registration list, and is therefore an attack on his right to be a registered voter. We are therefore of the opinion that the attack upon the right of Joe Dugas, just like the attack upon the legality of the votes of Joe Picard and Walter Gaudin should have been made before the date of the primary election, and as no such attack is alleged to have been made, it is now too late to entertain such attack.

Under the Constitution, no person shall vote at any primary election unless he is at the time, a registered voter. The Constitution also provides that any qualified voter of this State shall have the right to apply to the District Court to have stricken off, any name illegally placed or standing on the registration roll. The jurisprudence is not questioned that the attack on the right of a person to be on the registration roll, must be made before the election is held.

The purpose of the Constitution and laws of this State is to secure a fair expression of the views of the majority of the voters for the nomination of their candidates. We believe, under the facts of this case, that the election in question has accomplished that result, as found by the District Judge.