## MIGEOT v. BARRILLEAUX.
### No. 1592.

Court of Appeal of Louisiana. First Circuit.

Feb. 26, 1936.

Fernandez & Fernandez, of Franklin, for appellant.

Rene H. Himel, of Franklin, for appellee.

OTT, Judge.

On February 20, 1936, we entered the following decree in this case in open court at Baton Rouge:

"Per Curiam.

"Following the course pursued by the Supreme Court in the case of McConnel v. Salmon, 174 La. 606, 141 So. 73, which case, like the present was one requiring a decision within twenty four hours after submission, we will, for the present assign oral reasons for judgment only and prepare and file written reasons at as early a date as possible.

"For the oral reasons assigned and for the written reasons to be hereafter filed,

"It is now ordered, adjudged and decreed that the judgment of the District Court in so far as it sustained the exception to the jurisdiction of the Court be and the same is hereby reversed, and that, in so far as the judgment of the District Court sustained the exception of no cause of action and dismissed plaintiff's suit, same is hereby affirmed."

In accordance with the above decree, we now give the following written reasons in amplification of the oral reasons assigned at the time of handing down the decree:

Plaintiff and defendant were rival candidates for the office of justice of the peace for the Fourth ward of St. Mary parish at the Democratic primary held on January 21, 1936. In that primary plaintiff received 59 votes and defendant received 264 votes. The plaintiff alleges that the defendant did not, at the time of filing his declaration of intention to become a .candidate for said office, nor at the time of filing suit, possess the constitutional qualifications to become a candidate for said office in said primary election, or in the general election following said primary, because of the fact that said defendant was not and is not a freeholder in said parish nor is he able to read and write the English language correctly, as required of a justice of the peace under article 7, § 47, of the Constitution of the state. Plaintiff alleges that, as said defendant was not a legally qualified candidate at said primary election for the reasons stated, all votes cast for defendant were null and void, and should not have been counted; that he, plaintiff, was therefore nominated. He prays that the nomination of defendant be set aside and that he be declared the nominee.

Defendant first filed an exception to the jurisdiction of the court rationæ materiæ; and, with full reservations, of this exception, filed an exception of no cause or

right of action; and, again with full reservation of both exceptions, defendant filed an exception of five days' prescription under section 11 of Act No. 97 of 1922, as amended by Act No. 110 of 1934. Then, with full reservation of all exceptions, defendant filed an answer putting at issue the allegations of the petition questioning his qualifications to become a candidate at the primary. The trial court sustained the exception to the jurisdiction, and the exception of no cause of action, and also denied and rejected plaintiff's demand as presented by the merits. Plaintiff appeals.

### 1. Exception to the Jurisdiction.

Plaintiff's petition does not allege that he objected to the qualifications of defendant to enter the primary before the Democratic Committee calling the election under the provisions of section 11 of the primary law. This section of the primary law, Act No. 97 of 1922, as amended, gives the right to any member of such committee calling the election, or to any person who has filed his declaration of intention to become a candidate at such primary, the right to file in writing with the chairman of the committee, an objection to any candidate who has filed his application; the objection to contain the reason why the candidate is not qualified to enter the primary under the qualifications prescribed by the party calling the primary. This objection must be made within five days after the last day upon which persons may file notification to become candidates. It is contended in this case that it was the duty of plaintiff to have objected to defendant's qualifications before the committee, and having failed to do so, the court is now without jurisdiction to pass on the qualifications of defendant, as such an objection is a prerequisite to resorting to the courts. It follows that, if the objection urged to the qualifications of defendant is of such a nature that it should have been urged before the committee calling the election under section 11, the court would have no jurisdiction. Le Blanc v. Hoffmann et al., 175 La. 517, 143 So. 393.

It therefore becomes of importance to determine whether or not the qualifications for a justice of the peace prescribed by the Constitution, requiring that he be a property owner and able to read and write the English language correctly, are such as must be passed on by the party committee under section 11. In order to become a candidate in a party primary election, section 10 of the said Primary Act as amended by Act No. 110 of 1934, provides that such candidate must possess the same qualifications as a voter as required under the general election laws of the state, and such other qualifications as may be prescribed by the State Central Committee of such party. It does not appear from the primary law nor from any requirement prescribed by the State Central Committee of the Democratic Party, that, in order to become a candidate for justice of the peace in a Democratic primary, or for any other office for that matter, the candidate must possess the constitutional or statutory qualifications required to make the candidate eligible to hold the office and discharge the functions thereof. The party committee is vested under section 11 of the act, with the right to pass on the objections raised to the qualifications of candidates seeking to enter the party primary, in so far as those qualifications affect the right of the candidate to enter the primary, and not those qualifications which affect the eligibility of the candidate to hold the office and perform its functions. The former qualifications have reference to the nomination, the latter to the election, of the candidate.

This distinction was made by us in the case of Duplessis v. Harrell, 9 La.App. 171, 119 So. 264, 265, where plaintiff attacked the right of defendant to the nomination as a member of the school board on the ground that said defendant, who had received a few more votes at the primary than plaintiff, was not assessed with at least $500 worth of property as required by Act No. 100 of 1922. In commenting on the objection required to be raised before the committee under section 11, we there said: "It is obvious that such objections must be directed to the qualifications which the committee as a political body may prescribe, and can have no possible reference to the property qualifications which a member of the school board must possess, as required by section 17 of Act No. 100 of 1922. The qualifications which the committee may prescribe have reference exclusively to the nomination of the candidate, and those demanded under the provisions of Act No. 100, to his election."

We do not construe the statements made by the Supreme Court on application for rehearing in the case of Le Blanc v. Hoffmann, supra, as being in conflict with our conclusions in the above-cited case and in

the present case, for the reason that the disqualification before the Supreme Court in the Le Blanc-Hoffmann Case did not involve the eligibility of the candidates to hold the office for which they were candidates.

Our conclusion is that the plaintiff was not required to urge before the party committee the alleged disqualifications or inel-, igibility of defendant to hold the office of justice of the peace. As the plaintiff is claiming the nomination for himself over the defendant, his case comes under section 27 of the primary law (as amended by Act No. 110 of 1934) relative to the contest of primary elections. Under that section, the courts have the right to pass on his claim. It was for these reasons that the exception to the jurisdiction was overruled in the decree handed down in this case.

### 2. Exception of No Cause or Right of Action.

■ While it appears from this exception filed in the case that it is based on the theory that plaintiff should have first presented his objections to the qualifications of defendant before the committee under section 11, and that he has no right or cause of action to proceed under section 27 by way of a contest of the election, yet we have reached the conclusion that plaintiff's petition does not set forth a cause of action from a different line of reasoning.

As we have already stated, the qualifications of defendant here challenged affect his eligibility to hold the office of justice of the peace under article 7, § 47 of the Constitution. Defendant is not yet elected to this office, but only nominated by his party. We have no assurance that he will be elected at the general election in April, 1936. Non constat, if and when he is elected, he may then possess the qualifications to hold the office. The attack on the defendant's qualifications to hold the office and discharge its functions is premature, and shows no cause of action. We again quote from the case of Duplessis v. Harrell, supra: "In regard to the complaint that contestee is not qualified to hold the office, because he is not assessed in the sum of at least $500, as required by Act No. 100 of 1922, this raises an issue which is altogether premature, as such a question could be raised only after the election of contestee to the position in dispute, to

which, for aught we know, he may never be elected."

Plaintiff places great reliance in support of his case on the two cases of Hall v. Godchaux, 149 La. 733, 90 So. 145, and Roussel v. Dornier et al., 130 La. 367, 57 So. 1007, 39 L.R.A.(N.S.) 826. These two cases were decided at a time when there was no provision in the primary law relative to making objections to a candidate before the committee as is contained in section 11 of the present law. As we have reached the conclusion in this case that section 11 has no application, it might be contended that, even though the plaintiff does not show any right in himself to the nomination, yet, if defendant is ineligible, his nomination should be set aside as was done in the Hall-Godchaux Case. In that case Hall attacked the nomination of Godchaux to the Supreme Court on the ground that Godchaux was not eligible to hold the office to which he had been nominated for the reason that he was not a qualified elector as required of all officers under the Constitution. Hall asked that the votes cast for the ineligible candidate be declared null and not counted, and that he be declared the nominee. The court refused to declare Hall the nominee, but did annul the nomination of Godchaux.

It will be noted that the ground of ineligibility urged against Godchaux in that case was the fact that he was not a qualified voter, which also disqualified him to become a candidate in the primary, as the primary law then, as now, required that a candidate must be a qualified voter in order to enter the primary. As Godchaux was found not to be a qualified voter, it was held that he could not be a qualified candidate in the primary, and his nomination therein was null. But the disqualification urged against defendant in the present case is not such as would have prevented him from being a candidate in the primary, but, as already stated, only affected his right to be elected to the office and to discharge the functions thereof. In other words, defendant was not a disqualified candidate in the primary, even though, if elected, he may be declared ineligible to hold the office, unless he becomes qualified in the meantime. We cannot declare his nomination null.

The case of Roussel v. Dornier et al., rather supports our conclusions, as it held that, in the absence of any authority in the party committee to pass on the qualifications of candidates entering the primary,

as was the law at that time, the right of a candidate who received the most votes in the primary to hold the office cannot be tested in a suit brought by another candidate for the same office, as the alleged ineligibility of the candidate to hold the office raises a question in which the state is concerned.

It was for these reasons that the judgment of the district court in sustaining the exception of no cause of action was affirmed in the decree handed down in this case, and which is copied herein.