In an application for rehearing counsel for Trebucq raise many points on which they say we are in error, all but one of which, however, we have already discussed.
They complain that we erred "in overruling the decisions of the Supreme Court of Louisiana in the cases of Nunez et al. v. Plaisance [196 La. 926], 200 So. page 302, and Perez v. Hurstell [196 La. 936], 200 So. page 305." Of course we made no abortive effort as such an attempt would have been. In those cases the Supreme Court found that though, in each of the petitions, it had been alleged that the "write in" candidate had been rendered ineligible because of his having participated in the preceding primary, that contention was not urged in the Supreme Court either in brief or in oral argument. A reading of the controlling opinion (in the Plaisance case) shows clearly that that contention was not considered or discussed.
It is true that if, in those cases, the "write in" candidates had participated in the preceding primary election in that — as alleged — they had voted in that primary, the Act of 1922 would, by its terms, have rendered them ineligible to become "write in" candidates, since that act makes no distinction between the ineligibility which results from participating in the primary as a voter and that which results from participating as a candidate. It is therefore equally true that, if we are correct in our conclusion that Trebucq is ineligible, the "write in" candidates in those other cases were likewise ineligible. But, as we have said, that point was not considered by the Supreme Court and, therefore, we do not feel that we are in any sense in disagreement with that court in our conclusion that, since Trebucq participated in the preceding primary, he was ineligible to become a "write in" candidate in the general election. *Page 706 
Counsel for Trebucq point with confidence to the decision of our brothers of the First Circuit rendered in the case of Seal v. Knight, 10 La.App. 563, 121 So. 632, and they say that, since that case was decided since the enactment of Act No. 97 of 1922, our views are obviously at variance with those of our brothers of that court.
We do not think so for the reason that it is not the Act of 1922 which distinguishes the case at bar from the case of Lacombe v. Laborde, 132 La. 435, 61 So. 518, but it is the constitutional amendment of 1934, Const. 1921, art. 8, § 15 as amended, see Act No. 80 of 1934, p. 698, which was not adopted until after the decision in Seal v. Knight, supra. If the case at bar had arisen prior to the adoption of the constitutional amendment of 1934, we would have concluded — just as did our brothers in Seal v. Knight, supra — that the "write in" candidate was not ineligible.
We adhere to our original views. Consequently, the rehearing prayed for is refused.
Rehearing refused.