Sidney D. Torres and more than ten other persons, residents and voters of the Sixth Ward of the Parish of St. Bernard, filed this suit in the Twenty-Fifth Judicial District Court for that parish, alleging that Torres, a white democratic elector of the parish, was a candidate for the democratic nomination for the office of police juror of the Sixth Ward, and that Harry Serpas, the defendant, participated in the said primary by voting and acting as a commissioner; that as a result of the primary, petitioner was declared to be the democratic nominee and his name was printed on the official ballots used in the general election, which was held April 18, 1944; that at this election the commissioners of election counted and tabulated 74 votes for petitioner and 106 votes for Serpas, whose name was not printed on the ballot, but was written thereon in handwriting, and that the commissioners made a return of the result of the election to the Secretary of State and the Parish Board of Supervisors of Elections, and that the Supervisors of Elections illegally proclaimed Serpas as the duly elected police juror of the Sixth Ward of St. Bernard Parish. Torres claims that he received all of the legal votes cast at the *Page 176 
election and that such votes as were cast for Serpas were illegal, null and void and should have been counted for petitioner because Serpas voted in and acted as a commissioner in the primary election of January 18th, 1944, and he was, therefore, disqualified from becoming a candidate.
The case was tried below by a jury, which was impaneled in response to the prayer of defendant and resulted in a verdict in favor of defendant, whereupon judgment was rendered by the Court dismissing plaintiff's suit and an appeal was taken to the Supreme Court.
[1] The defendant filed a motion to dismiss the appeal in that Court upon the ground that, since the proceeding was taken under Sections 1419, 1420, 1422, and 1423 of the Revised Statutes and Act 24 of 1877 and Act 24 of 1894, no appeal is permissible, in view of the provisions of Section 1422 to the effect that "the jury shall have power to determine by their verdict which of the parties is entitled to the office, or to refer the same again to the people. The court shall have no power to grant a new trial as in other cases, and no appeal shall be allowed", and Section 1423, which declares that "the judgment rendered upon the first finding of the jury shall be final; and on certifying the same to the Governor, a commission shall be issued by him in favor of the person in whose favor the verdict may be."
Plaintiffs, however, in their answer to the motion to dismiss the appeal, contended that Section 1419 of the Revised Statutes was amended by Act 24 of 1894 (Dart's Statutes 2835) and that the provision requiring a jury trial was eliminated and "ordinary procedure" substituted, and, therefore, the provisions with respect to the trial by jury and the finality of the verdict of the jury were repealed.
The Supreme Court declined to consider the motion to dismiss upon the ground that it did not have jurisdiction, ratione materiae, because the value of the thing in contest, the emoluments of the office during the entire term of four years, as shown by the evidence of the plaintiff, amounted to less than $1,500. The case was transferred to this Court and a motion to dismiss based upon the same grounds as were urged in the Supreme Court was filed here.
There is no doubt that originally the sections of the Revised Statutes, under which this proceeding was brought, made a jury trial mandatory and declared that a majority of the jury would be sufficient to reach a verdict and that the verdict of the jury should be final and no appeal allowed.
Act 24 of 1894, relied upon by counsel in opposition to the motion to dismiss, is entitled: " 'An act to amend and re-enact Section Fourteen Hundred and Nineteen and Fourteen Hundred and Twenty-one of the Revised Statutes of Louisiana, and to authorize candidates for State offices to contest before the courts the election of their opponents,' and to authorize candidates for Parish, State or any Municipal office of the State to contest before the courts the election of their opponents."
Neither Section 1419 nor Section 1421 relate to jury trials in such cases. Provision for that character of trial and the finality of the jury's verdict is made in Sections 1422 and 1423, however, the same procedure with reference to the number of signatories to the petition, and the time in which it is to be filed, is repeated in the Act of 1894. This Act requires that such "suits instituted under the foregoing sections contesting the election of State and parish officer or of a municipal officer, shall be filed and tried in all respects as ordinary suits; except that they shall be entitled to trial by preference." It is obvious that the provisions of Act 24 of 1894 are inconsistent with those of Sections 1422 and 1423 of the Revised Statutes relative to jury trials.
In the case of Gauthier v. Lapeyrouse, 122 La. 35, 47 So. 367, the court, in speaking of the Act of 1894, said:
"It expressly provides that suits in contested election cases, shall be tried as ordinary suits.
"It is true that section 1422, the one which relator alleges has not been repealed, is not expressly referred to in Act No. 24, p. 27, of 1894. That article, however, provides the tribunal to try contested election cases. The sovereign authority directs to which court the complainant shall take his trouble for settlement.
"The general terms of the law includes all cases.
"When the law orders that a case shall be tried as an ordinary case, as it does in the cited law, supra, it is not in contemplation that there should be a jury trial, unless either or both of the parties to the litigation ask for a jury trial. *Page 177 
"In our opinion, the court has jurisdiction to try the case. All cases classed as ordinary cases are to be so tried, unless there is some expression in the law to indicate that it must be tried by jury.
"This leaves section 1422, cited above, without effect and repealed to the extent that it directs in mandatory terms that it shall be proceeded with before the court and jury."
The motion to dismiss is denied.
 On the Merits
[2] The facts do not seem to be in dispute. Serpas himself admits that he voted in the primary election and there is uncontradicted evidence to the effect that he was a commissioner.
Section 29 of Act 97 of 1922 (Dart's Louisiana General Statutes Section 2679) reads as follows: "No one who participates in the primary election of any political party shall have the right to participate in any primary election of any other political party * * * nor shall he be permitted to be himself a candidate in opposition to any one nominated at or through a primary election in which he took part."
In Serpas v. Trebucq, La. App., 1 So.2d 346, at page 351, this Court, in discussing this question, said: "It is argued on behalf of Trebucq, the contestee, that this identical legal question has already been considered by the Supreme Court and that that court, in Lacombe v. Laborde, 132 La. 435, 61 So. 518, 521, has held that participation in a party primary does not disqualify the defeated candidate if, in the ensuing general election, he receives, in 'write-in' votes, a majority of all the votes cast. And that is exactly what was held in that case. But the reason on which that result was based can no longer be used to sustain a similar conclusion here. When that case arose, the controlling statute was Act No. 49 of 1906, which, as we find in the Laborde case, provided, in section 27, that: * * *."
There is no doubt that one who votes and acts as commissioner in a primary election has participated in such primary, consequently, and for the reasons assigned the judgment appealed from is annulled, avoided and reversed, and it is now ordered that there be judgment herein in favor of petitioner, Sidney D. Torres, and against the defendant, Harry Serpas, declaring Sidney D. Torres to be the duly elected police juror of Ward 6 of the Parish of St. Bernard, at the general election on April 18th, 1944.
Motion to dismiss denied. Judgment of lower court reversed.