PONDER, Justice.
Henry Cox and several registered voters-brought suit to enjoin and prohibit Alfred May from taking the oath of office as Police Juror for the Seventh Ward of Jackson Parish. The suit is based on the ground, that Alfred May was not a legally qualified candidate in the general election because he had participated, as an unsuccessful candidate, in the preceding primary election. The defendants opposed the suit on the grounds of misjoinder of parties defendants; that the petition was vague;, that it disclosed no right or cause of action and LSA-R.S. 18:365 was unconstitutional. The exceptions and plea were referred to-the merits. On hearing the merits, the trial judge gave judgment in favor of the plaintiffs and the defendants have appealed.
The appellants do not point out’ wherein the petition was vague or why it. discloses no right or cause of action nor do they point out why there is a misjoinder of parties, this brief is silent on these issues. We are unable to find any merit in these exceptions. The appellants in their brief only attack the constitutionality of the statute.
Henry Cox was nominated for the office-of Police Juror of Ward Seven in Jackson. *757 Parish in the Democratic Primary held on January 15, 1952. Alfred May was a candidate in that same primary election for nomination to the House of Representatives but was defeated.- Thereafter, Alfred May qualified as an independent candidate in the general election for the office of police juror in opposition to Henry Cox, the nominee, who also was a candidate for that ■office in the general election. May received 208 votes and Cox received 165 votes in the general election. The Board of Supervisors proclaimed May to be the duly •elected candidate.
LSA-R.S. 18:365 provides that “No one ■who participates in the primary of any political party may participate in any primary of any other political party, with a-view of nominating opposing candidates, nor shall he sign any nomination papers for .any opposing candidate, nor shall he be "himself a candidate in opposition to any one nominated at or through a primary in which "he took part.”
Under the express provisions of this •statute, May could not become a candidate "in opposition to Cox and his election is therefore a nullity and without effect. Serpas v. Trebucq, La.App., 1 So.2d 346, certiorari denied 1 So.2d 705; Torres v. Serpas, La.App., 21 So.2d 175.
Defendants contend that this statute contravenes Article 8, Section 15 of the -Constitution of. Louisiana, as amended, which provides:
“Provided that no person whose name is not authorized to be printed on the official ballot, as the nominee of a political party or as an independent candidate, shall be considered a candidate for any office unless he shall have filed with the Clerks of the District Court of the parish or parishes iij which such election is to be held, or the Clerk of the Civil District Court of the Parish of Orleans if he be a resident of the Parish of Orleans, at least ten (10) days before the general election, a statement containing the correct name under which he is to be voted for and containing the further statement that he is willing and consents to be voted for for that, office, and provided further that no commissioners of .election shall count a ballot as cast for any person whose name is not printed on the ballot or who does not become a candidate in the foregoing manner.”
The authorities cited by the appellants to support their contention are to the effect that where there is a conflict between a provision of the Constitution and a statute the constitutional provision must prevail. The statute does not conflict with the constitutional provision for the reason that they deal with entirely different subject matters. The constitutional provision merely provides the method whereby a person having the necessary qualifications may become an independent candidate and have his name placed before the voters to *759 be voted upon. It does not deal with''the qualifications required of a candidate but contemplates candidates who have the necessary qualifications. To construe it otherwise would permit an unqualified person to become a candidate. This would be an unreasonable construction of this provision. The statute deals with the qualifications of a candidate. In other words, it disqualifies a person from opposing or becoming a candidate in opposition to one named at a primary in which he took part. The statute and the constitutional provision are not in conflict and must be'construed harmoniously so as to give effect to both. -
For the reasons assigned, the judgment is affirmed at appellants’ cost.