that she and her children are entitled to the same civil rights as though the marriage were in all respects valid.

The judgment appealed from is therefore Affirmed.

---

(90 South. 144)

No. 24911.

## DUPONT v. HARRIS ICE CREAM CO. Inc.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Appeal and error ⊜23—Supreme Court must take notice of want of jurisdiction whether urged by litigants or not.

The Supreme Court is bound to take notice of want of jurisdiction, whether urged by litigants or not, where the subject-matter in dispute does not exceed $2,000, as required by Const. 1913, art. 85; Const. 1921, art. 7, § 10.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by John P. Dupont against the Harris Ice Cream Company, in which an injunction was granted. Upon defendant's application, its dissolution on bond was permitted, and plaintiff was granted a suspensive appeal from the dissolving order. On motion to dismiss appeal. Cause transferred to Court of Appeal for the Parish of Orleans.

J. C. Henriques, of New Orleans, for appellant.

W. O. Hart, of New Orleans, for appellee.

Statement of the Case.

DAWKINS, J. This is an action to restrain by injunction the use of certain premises for purposes other than those stipulated in the lease.

The lower court granted the writ, and, upon application of the defendant, permitted its dissolution on bond, and subsequently granted the plaintiff a suspensive appeal from the order so dissolving the writ.

Defendant has moved to dismiss the appeal upon the ground that the petition for injunction does not allege irreparable injury, and that therefore an interlocutory order to bond was not appealable prior to trial on the merits.

Opinion.

Upon examination of the transcript we find that the following are the only allegations in the petition as to the value of the subject-matter in dispute, to wit:

"Petitioner avers that said lease of said premises was from the 1st day of March, 1920, until the 30th day of September, 1924, at a rental of $50 per month, and that the unexpired term of said lease is from July, 1921, to September, 1924.

"Petitioner further avers that said leased premises are worth more than $1,000."

While it might be said that the matter in dispute, where the action is to prevent the wrongful use of leased premises, is the damage which might result to the plaintiff from such use, there is no allegation in the petition of such damage or injury, and hence no claim on that account.

If we take the stipulated lease value for the unexpired term, that is from July, 1921, to September, 1924, at $50 per month, the amount would be $1,950, a sum insufficient by something more than $50 to give this court jurisdiction. On the other hand, if we consider the second paragraph of the article of the petition quoted above, the value of the leased premises is "more than $1,000," and this likewise fails to bring the matter within our jurisdiction.

Under repeated decisions we are bound to take notice of the want of jurisdiction, ratione materiæ, whether the same be urged by the litigants or not, where the subject-matter in dispute does not exceed $2,000, Const. 1913, art. 85; Const. 1921, art. 7, § 10. For this reason we do not reach the issue in the motion to dismiss of the appellee, and under Act No. 19 of 1912 will transfer the

case to the Court of Appeals for the Parish of Orleans.

For the reasons assigned, this case is transferred to the Court of Appeals for the Parish of Orleans; appellant to pay costs of this appeal and all other costs to await final judgment of that court.