JOHN P. DUPONT : NO. 8457

VS COURT OF APPEAL

HARRIS ICE CREAM CO. INC. : PARISH OF ORLEANS

- - - - -

* * * *

WILLIAM A. BELL, JUDGE.

* * *

JUNE 25, 1923.

*Read decree*

JUNE 25/23

8457

89

By WILLIAM A. BELL, Judge.

This matter, originally on appeal before the Supreme Court, has been transferred by it, for want of jurisdiction ratione materiae, to this Court. (149 La., 729).

The appeal herein taken is from an ex parte order of the district court for the Parish of Orleans, dissolving on bond a previous order of the district court granting an injunction in favor of plaintiff and appellant, John P. Dupont, and against defendant, the Harris Ice Cream Co., Inc. The latter was enjoined from using certain commercial property in the City of New Orleans, for any other purposes than those stipulated in a certain written lease between the parties.

The petition for injunction was filed on July 26, 1921, plaintiff setting up the written lease, particularly the clauses thereof which prohibited, without consent of the lessor, the use of the property for any other purpose than that contemplated by the terms of the lease. Plaintiff further alleged in his petition for appeal that he was aggrieved by said order and that he would suffer irreparable injury thereby.

Defendant has moved to dismiss the appeal upon the ground that the petition for injunction does not allege irreparable injury and that, therefore, an interlocutory order to bond the injunction was not appealable prior to trial on the merits.

The jurisprudence of this State is well established to the effect that, except in very rare cases (not such as the one now before us), an injunction cannot be dissolved on bond, as provided by Article 307, C.P., without notice to plaintiff. This court in the case of Mrs. T. L. Moses v. Joseph Traverse, 11 Orleans Appeal, 244 (decided May 4, 1914--writ denied by Supreme Court October 26, 1914) has cited the innumerable decisions of our Supreme Court on this point. All questions of law and procedure now urged in the instant case were discussed and decided by this court in that case.

Our decision therein has not been cited or noted by counsel for either of the present litigants. We find a later ruling in the case of Department of Conservation v. Louisiana Gas and Fuel Co., 144 La., 962, where the Supreme Court again review--as we had done in the case of Moses v. Traverse--its prior jurisprudence, and again reiterated this same doctrine in a brief syllabus by the court itself, reading as follows:

> "An injunction, once issued, should not, as a rule, be dissolved ex parte, and the same rule applies whether the dissolution be effected by motion to dissolve or by a counter injunction."

See also Van Halen v. Monroe, 50 La., 642.

The effect of dissolving on bond the injunction previously issued herein, was clearly to reverse or set aside the original order for injunction and to deny the original relief granted to plaintiff, to which he was at least temporarily entitled on the face of his petition. The averment of irreparable injury in the petition for injunction was not necessary to support a cause of action by which plaintiff was seeking to prevent the unlawful or injurious use of his own property which was leased to another. The truth of such averment, if made, could only be ultimately determined on the trial on the merits, and dissolution on bond of the injunction as granted without notice to plaintiff, was equivalent to denial of his right to be heard contradictorily with defendant on the main issue.

The order dissolving on bond, had, under the facts of this case, the effect of a counter injunction such as was issued in 144 La., 962, and against which the Supreme Court has set its disapproval.

There can be no doubt that an appeal lies to this court from an ex parte order dissolving on bond a previous order for injunction. Article 566 of the Code of Practice allows an appeal in all cases where an interlocutory order may work an irreparable injury. (Barrow v. Duplantis, 148 La., 149).

There is no more necessity, such as argued by counsel for defendant, that plaintiff in his petition for appeal should set forth in detail the manner in which he will be "irreparably injured" by the order from which he has appealed, than for plaintiff to set forth in detail the manner in which he is "aggrieved" by the order.

Defendant's motion is simply one to dissolve and does not set forth any ground upon which he was entitled to such relief. It neither alleges that its use of plaintiff's property for purposes other than those originally agreed upon would not cause plaintiff irreparable injury, nor that the injury if suffered was one which could be compensated in money. The furnishing of bond in a motion to dissolve, carries no such implication, and even though, under Article 307 of the Code of Practice, such averments as above suggested had been properly made in justification of the relief prayed for, the order should not have been issued ex parte, without opportunity given plaintiff to be heard.

IT IS, THEREFORE, ORDERED:

That the motion to dismiss the appeal be denied; that the ex parte order dissolving the injunction be set aside and annulled and that this case be remanded for further proceedings in accordance with the views herein expressed. The appellee to pay all costs of appeal.

JUNE 25, 1923.