OVERTON, J.
 

 Plaintiff brought this suit to recover judgment against defendant on a promissory note for the sum of $3,514.61, with 8 per cent, per annum interest thereon from the date of the note, to wit, June 7, 1920, until paid, and with 10 per cent, additional on the aggregate of the principal and interest of- said note as attorneys’ fees. The petition sets out'that $1,167.29 of the amount for which the note was executed is due plaintiff as part of the purchase price of an oil engine which plaintiff sold to W. E. Tilton, and which Tilton in turn sold to defendant, who assumed, in settling with Tilton, the balance due by him to plaintiff on the pur; chase price of said engine, and included said balance in said note given by defendant to plaintiff. .The petition also sets out that plaintiff has a vendor’s privilege on said engine to secure the payment of the balance of the purchase price, due thereon, to .wit,.$l,-167.29, together with 8 per cent, per annum interest on said balance from June 7, 1920, until paid, and 10 per cent, of the aggregate of said balance and interest as attorneys’ fees, and that, as plaintiff fears that defendant will conceal or dispose of said engine during the pendency of the suit, plaintiff is entitled to a writ of sequestration ordering the sheriff to sequester the same.
 

 The prayer of the petition is that said writ-of sequestration issue S that plaintiff have and recover judgment against defendant for said sum of $3,514.61, with interest and attorneys’ fees tkerepn, as - stated above, and recognizing, and enforcing plaintiff’s vendor’s privilege on said engine, and ordering that
 
 *969
 
 the same be sold to pay and satisfy plaintiff by preference over all other creditors of defendant, to the extent of said privilege, to wit, to the extent of the sum of $1,167.29, with 8 per cent, per annum interest thereon from June 7,1920, until paid, and 10 per cent, attorneys’ fees on the aggregate of said balance and interest.
 

 The writ of sequestration issued as prayed for, and defendant, after filing a dilatory exception, unnecessary to mention further, filed his answer. The answer admits that the note sued upon is due, but denies the existence of the vendor’s privilege alleged by plaintiff to exist, and denies the existence of the rest of the grounds alleged for the issuance of the writ of sequestration. The prayer of the answer is:
 

 “That plaintiff’s suit, in so far as the same attempts-to have recognized the alleged vendor’s privilege on said engine or the maintenance of the writ of sequestration sued out, be dismissed, at plaintiff’s costs.”
 

 The Opelousas-St. Landry Bank
 
 &
 
 Trust Company, alleging that it is a creditor of defendant in the sum of $16,960, with interest and attorneys’ fees thereon, and that it has, to secure said indebtedness, a mortgage on certain land, to which the engine in question has been permanently attached, intervened in. the suit, solely for the purpose of joining defendant in his effort to defeat the vendor’s privilege claimed by plaintiff on said engine, and for the purpose of having dissolved the writ of sequestration under which the engine was seized. The prayer of the intervention, omitting only .the prayer for permission to intervene, and the prayer for citation, is that:
 

 “There be, judgment in favor of petitioner and against the plaintiff rejecting and disallowing plaintiff’s claim of privilege on'said engine and dissolving the writ of sequestration under which the same was seized, and for general and equitable relief.”
 

 The case was tried and judgment was rendered in favor of plaintiff and against defendant for the full amount of thé note sued on, including interest and attorneys’ fees, and in favor of defendant and intervener, rejecting plaintiff’s demand for the recognition and enforcement of the privilege claimed by plaintiff on said engine.
 

 Plaintiff has appealed to this court from the judgment rendered, and the defendant and the intervener have moved to dismiss-the appeal on the ground that this coui't is without jurisdiction. The question therefore is, have we jurisdiction in this case?
 

 In Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797, we said:,
 

 “The test of jurisdiction of an appellate court, so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted for decision in the court of original jurisdiction.”
 

 And in Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583, we said:
 

 “When our jurisdiction is to be-determined by the amount in'contest, as is the ease here, it is the amount in contest when the case is submitted to the trial court for decision that determines the question of jurisdiction, and not the amount as disclosed by the" petition of the plaintiff alone. In other words, the admissions made in the answer filed must be taken into consideration in determining the jurisdiction of this court, for its jurisdiction, save in certain cases of which this ié not one, is made to depend on the amount in dispute, and it is obvious that the amount in dispute may be reduced below our jurisdiction by admissions made in the answer.”
 

 In cases in which the jurisdiction of this court is to be determined by the amount in dispute, that amount must exceed $2,000, exclusive of interest, to Vest it with jurisdiction. Const, art. 7, § 10. The phrase, “the amount in dispute,” as here used in the Constitution, includes, within its meaning, the value of the thing in contest, where a thing, instead of an amount, is in dispute.
 

 In the case at bar, while plaintiff sued for an amount exceeding $2,000, yet not one
 
 *971
 
 dollar of that amount was in contest when the case was submitted to the trial court for decision. All that was then in contest, as appears from defendant’s answer, .and especially from the prayer thereof, and, for that matter, all that is now in contest, is plaintiff’s demand for the recognition and enforcement of a vendor’,s privilege to secure a debt' for $1,167.29, with 8 per cent.'per annum interest thereon from June 7, 1920, until paid, and 10 per cent, additional on said principal and interest as attorneys’ fees, and plaintiff’s right to have sustained the writ of sequestration that issued to protect said privilege. Even the intervener does not resist more of plaintiff’s demand than the foregoing. Hence from no possible standpoint was there anything at issue, when the case was submitted to the trial court for decision, except the demand for the recognition and enforcement of said privilege and plaintiff’s right to have sustained the writ of sequestration that issued. ,
 

 As relates to the demand for the recognition and enforcement of the privilege in contest, it is the value of the privilege that is determinative of our jurisdiction. As a privilege is merely an accessory of the debt which it secures, and falls with the extinguishment of the debt, it is manifest that the value of a privilege cannot exceed the amount of the debt that it secures. As the debt in this instance, even including interest and attorneys’ fees, was less than $2,000 at the time this case was submitted to the lower court for decision, and, for that matter, is at present less than $2,000, it is obvious that we have no jurisdiction of the demand for the recognition and enforcement of the privilege. As relates to the demand in contest to have the writ of sequestration that issued sustained, it may be said that a writ of sequestration being merely a remedy in aid of a principal demand, the appeal on the demand to have such writ sustained follows the appeal on the demand in aid of which the writ issued, and since that demand, in this instance, is below our jurisdiction, it follows that we have no jurisdiction on the demand for the maintenance of the writ.
 

 For the foregoing reasons our conclusion is that we have no jurisdiction in this case. However, the Court of Appeal has jurisdiction, and in our view the appeal should not be dismissed, but should be transferred to that court.
 

 For the reasons assigned, it is ordered, ad-’ judged, and decreed that the appeal herein be transferred to the Court of Appeal for the First Circuit, to be disposed of according to law. It is further ordered that the appellant pay the costs of this court.