162 So. 69

GAILLARDANNE v. LOCASCIO.
No. 33329.

May 27, 1935.

Walter W. Wright, of New Orleans, for appellant.

H. W. & H. M. Robinson, of New Orleans, for appellee.

ROGERS, Justice.

Plaintiff, as the holder of two past-due mortgage notes of $500 each, sued out executory process against defendant, the maker of the notes and the granter of the mortgage, seizing the mortgaged property.

While the property was being advertised for sale by the civil sheriff, the defendant took a rule on the plaintiff to show cause why a preliminary injunction should not issue, restraining the seizure and sale, on the grounds, first, that the notes sued on were paid and the mortgage canceled by the subsequent execution of a new note and mortgage for $1,340, and, secondly, that the notes sued on were prescribed by the prescription of five years.

In the court below the parties agreed that the trial judge should pass on the case as if tried on the merits. The plea of prescription was sustained, and judgment was rendered ordering that a permanent injunction issue forever restraining plaintiff from proceeding with the seizure and sale of defendant's property. From this judgment plaintiff has appealed.

The mere statement of the case is sufficient to show that this court is without jurisdiction to determine the question involved. Defendant's ownership of the property is not disputed, and the only issue between the parties is whether defendant's property is subject to plaintiff's claim of $1,000 and interest.

█ Where the contest is between the judgment creditor and the judgment debtor, the amount in contest is the amount of the judgment or debt, and not the value of the property seized. Lhote & Co. v. Church Extension Society, 115 La. 487, 39 So. 502.

█ The amount of the claim and not the value of the property against which a lien or mortgage is asserted determines the appellate jurisdiction. Endom v. Ludeling, 34 La. Ann. 1024; State ex rel. Mackenzie v. Judges of Court of Appeals, 39 La. Ann. 508, 509, 2 So. 68; Day v. Helena Lumber Co., 142 La. 409, 76 So. 820; Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459.

█ Where the question of the appellate jurisdiction is to be determined by the amount in dispute, that amount must exceed $2,000, exclusive of interest, to vest this court with jurisdiction. Const. 1921, art. 7, § 10; Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; Larroux v. Larroux's Heirs, 166 La. 585, 117 So. 727.

█ Since it clearly appears from the record, we are compelled to notice ex proprio motu our lack of jurisdiction ratione

materiæ. Edwards v. Edwards, 21 La. Ann. 610; Rogers v. Goldthwaite, 32 La. Ann. 48; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; Scott v. Howell, 177 La. 137, 148 So. 6.

However, as the amount involved exceeds $100, exclusive of interest, the Court of Appeal for the parish of Orleans has jurisdiction of the case. Const. 1921, art. 7, §§ 29, 77. The appeal will therefore be transferred to that court, as authorized by law.

For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the parish of Orleans to be disposed of according to law, provided that the appellant shall file the record in that court within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. The appellant is to pay the costs of the appeal to this court; all other costs to await the final disposition of the case.