**PERRYMAN v. TRIMBLE et al ***

No. 5366.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

*Rehearing denied Dec. 11, 1936.

Isaac Abramson, of Shreveport, for appellant.

E. W. & P. N. Browne, of Shreveport, for appellee.

TALIAFERRO, Judge.

The question of primary importance in this case is whether Mrs. Martha H. Trimble, surviving widow of J. G. Trimble, deceased, and mother of Dorothy and Robert M. Trimble, sole surviving heirs of the deceased, has lost by renunciation, express or implied, the right of usufruct granted her by law over that part of the community property the naked ownership of which is vested in said children; and, whether answered in the affirmative or negative, the ownership of the small fund, derived from rent of community property, deposited in the court's registry, will be settled.

Following the death of J. G. Trimble, his widow and three children, his sole heirs, were judicially recognized as such and sent into possession of all of his Louisiana property, the children's interest therein being recognized subject to their mother's right of usufruct thereover. Subsequent to this action, one of the children, Guy Hardy Trimble, died intestate and without issue. His mother, brother, and sister, above named, are his sole heirs and legal representatives.

Mrs. Trimble leased to C. M. Perryman a residence in the city of Shreveport, a community asset, for one year at the rate of $30 per month. He was notified soon thereafter by Robert M. Trimble that he and his sister, Dorothy, were entitled to be paid 22/48 of the rent, and made demand therefor. Mrs. Trimble insisted that all the rent be paid to her. Perryman, availing himself of the provisions of Act No. 123 of 1922, and on proper presentation of the facts to the court, obtained an order au-

254

thorizing him to deposit the rent money in the registry of the court, as it monthly fell due, and impleaded the opposing claimants thereto to the end that the ownership of the fund might be judicially determined. The impleaded claimants have each answered. Robert and Dorothy contend that their mother has definitely lost by renunciation the usufructuary rights the law devolved upon her as surviving widow, and set up three different acts on her part as evidencing and constituting such renunciation. They, of course, deny her right to receive rent on their portion of the property. On the other hand, the mother stoutly denies that she has renounced, or ever intended to renounce, her right of usufruct over the children's interest in the community property, and prays that the amount in dispute be paid over to her. The lower court ruled in her favor, and from judgment accordingly, Robert alone appealed.

J. G. Trimble died on September 1, 1924. He left a large estate consisting of lands and personal property in the states of Texas and Louisiana. The interest of his surviving children in the Louisiana property was appraised at more than $150,000. A goodly part of it consisted of revenue producing property and interest-bearing bonds, stocks, and notes. The revenues from the interest of the two surviving children in the community property annually amounts to many thousand dollars. This has been regularly collected by Mrs. Trimble in her capacity of usufructuary, and expended as she saw fit. It is therefore evident that this right is of immense interest and value to her. It is certainly worth many times $2,000, the maximum amount of which this court has jurisdiction in cases of this character. It is also evident that since the dates it is contended that Mrs. Trimble destituted the office of usufructuary, she has collected more than $2,000 rents, revenues, etc., from her children's interest in the community property.

Before the respective rights of the claimants to the fund in the court's registry may be determined, it is necessary that the main controverted issue of the case be adjudicated, which is: Has Mrs. Trimble renounced her usufructuary rights? We think the value of that right in dollars and cents is the determinative amount or res in dispute, as affecting the question of jurisdiction, and not the small fund now in the registry of the court; and, this being true, this court has no jurisdiction of the appeal. The fund in dispute is an integral part of the pecuniary value of the right, and inseparable from it.

It has been frequently held that where no pecuniary amount is in dispute, the value of the thing or object in controversy determines appellate jurisdiction (A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459); but where, as in this case, the ownership of a small fund is in dispute, and that question depends upon the existence or nonexistence of a right worth many thousand dollars, and the appeal clearly presents both questions, we are of the opinion that the pecuniary value of the right, for jurisdictional purposes, constitutes the real amount in dispute. This controverted right is not incidental to a main demand, but itself the object of the main demand, the amount in dispute, within the meaning of section 10, article 7 of the Constitution.

We have found no decision in point. The case of McGovern v. United Railway Men's Oil Ass'n, 157 La. 966, 972, 103 So. 280, 282, is the nearest approach to a precedent we have found. In that case a fund, less than $2,000, derived from the sale of real estate, was in dispute, and also a demand for the transfer of the property from the sale of which the fund was derived. It was suggested that the court had no jurisdiction to pass on the case. In disposing of the suggestion, the court used this language:

"It has been suggested, with respect to the second appeal, that we have no jurisdiction for the reason that the fund to be distributed does not exceed $2,000. If the only matter in dispute was the distribution of the fund created by the sale, the position taken would be correct. However, the appeal involves more than the distribution of a fund. It also involves a demand for the transfer of title to property, which property, we are satisfied from the record, is worth more than $2,000, notwithstanding that it brought less than that amount at the sale. Because of the latter demand, we think we have jurisdiction as to the remainder of the appeal."

For the reasons herein assigned, this appeal is hereby transferred to the Supreme Court as is authorized by Act No. 19 of 1912. Appellant is allowed sixty days from finality of this decree in which to perfect appeal to that court. Costs of this appeal are assessed against appellant.

HAMITER, J., recused.