NOEL ESTATE, Inc., v. LOUISIANA OIL
REFINING CORPORATION.

No. 5372.

Court of Appeal of Louisiana. Second
Circuit.

Oct. 30, 1936.

Dickson & Denny, of Shreveport, for
appellant.

Blanchard, Goldstein, Walker & O'Quin,
Robert Roberts, Jr., and George Conger,
all of Shreveport, for appellee.

HAMITER, Judge.

The trial court sustained an exception
of no cause of action herein, and plaintiff appealed to this court.

The petition alleges that plaintiff purchased from one J. L. Monkhouse a certain parcel of land, with improvements
thereon, located in Caddo parish; that
Monkhouse had, on July 16, 1927, entered into a written contract of lease with
the defendant herein, Louisiana Oil Refining Corporation, granting to it the use
and occupancy of the property as a filling
station for a term of five years, or so
long thereafter as might be required to
sell such quantities of gasoline and oil
which, at the rate of one cent per gallon for gasoline and fifteen cents per gallon for oil, would pay to said lessee the
sum of $5,000; that the right to sell and
distribute gasoline and motor oil on said
premises during the term of the lease
was especially reserved and restricted to
the lessee; that the lessee failed to operate the lease, or cause it to be operated, and has abandoned it; and that
defendant refuses to cancel the lease, notwithstanding numerous requests.

The lease contract, a photostatic copy
of which is attached to and made a part
of plaintiff's petition, discloses that a cash
consideration of $5,000 was paid to Monkhouse for its execution.

Judgment is sought by plaintiff decreeing the contract to be null and void, and
ordering that it be cancelled and erased
from the records of Caddo parish.

■ Although no formal motion for the
dismissal of the appeal has been filed by
defendant, its counsel suggest in their
brief that this court is without jurisdiction, ratione materiæ, to review the decision of the trial court. If we have no
jurisdiction of this matter, even though
a motion urging the dismissal was not formally presented, it is our duty to take notice of that fact and refuse to entertain
the appeal. Dupont v. Harris Ice Cream.
Co., Inc., 149 La. 729, 90 So. 144; Carlock v. Kusin (La.App.) 167 So. 459.

The Louisiana Courts of Appeal are granted appellate jurisdiction, under article 7, section 29, Louisiana Constitution, of civil cases of which the district courts have exclusive original jurisdiction, and which are not appealable to the Supreme Court. Article 7 of section 10 of the Louisiana Constitution provides that the Supreme Court shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed $2,000, exclusive of interest, except in certain named classes and kinds of cases. This case does not fall within any of the stipulated exceptions.

▮ The above-mentioned phrase, "the amount in dispute," according to the Supreme Court in the case of A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459, 460, includes, within its meaning, the value of the thing in contest, where a thing, instead of an amount, is in dispute.

▮ As shown by plaintiff's allegations and the recitals of the instrument attached to the petition, the lease contract was granted to defendant in consideration of its paying $5,000, and it was to endure, without any specified time limit, until lessee was paid that amount from the sale of gasoline and oil. Thus it may be said that the original value of the contract sought to be annulled, and the thing in contest herein, was in the amount of $5,000.

▮ There is nothing in the record disclosing that defendant has received any payment from the sale of gasoline and oil, or that the stipulated amount has been reduced or changed in any manner or to any extent. Therefore, for the purpose of passing on this jurisdictional question, we are compelled to accept the above amount as representing the value of the contract.

The amount or thing in dispute being of a value in excess of the jurisdictional limit of this court in cases of this nature, we must decline consideration of the appeal.

Accordingly, and pursuant to the provisions of Act No. 19 of 1912, it is ordered that the appeal in this case be transferred to the Louisiana Supreme Court; that a period of 60 days is granted for the perfecting of the transfer, dating from the finality of this decree; and that on failure to make the transfer within that period the appeal shall stand dismissed.

Appellant shall pay the costs of this appeal, and all other costs are to abide the final disposition of the case.