## GENERAL MOTORS TRUCK CO. OF LOUISIANA et al. v. CADDO TRANSFER & WAREHOUSE CO., Inc., et al.*
### No. 5405.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Robert A. Crain and Edwin L. Blewer, both of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellees Atlas Pipe Line Corporation and Sparco Gasoline Co.

HAMITER, Judge.

L. T. Lancaster, receiver for the Caddo Transfer & Warehouse Company, Inc., presented and filed in the First district court of Caddo parish an account of his administration covering the period up to and including December 31, 1935. He also submitted a tableau of distribution disclosing that he had on hand in cash the sum

*Rehearing denied March 1, 1937.

of $14,523.65 and proposing to distribute such funds as follows:

Taxes—City of Shreveport .......$ 187.58
Taxes—State of Louisiana ...... 190.10
Refund of Court Costs ........ 642.00
Blanchard, Goldstein, Walker & O'Quin, Attorneys' fees ...... 5000.00
R. H. Frost—On account ...... 1500.00
L. T. Lancaster—On account .... 1500.00
Colbert and Snyder—In full .... 75.00
Querbes & Bourquin, Inc.,—Premium Receiver's Bond........ 75.00
Receiver's Certificates......... 5353.97

The receiver prayed that the account be approved and homologated and that authority be granted him to make payments in accordance with said proposal.

A joint opposition was filed to the tableau by the following named corporations which claim to be creditors of the receivership:

(1) Atlas Pipe Line Corporation, the holder of receiver's certificates in the amount of $8,000, plus interest, less a credit of $1,500 paid on July 30, 1935.

(2) Sparco Gasoline Company, Inc., for merchandise sold and delivered to receiver, and for which it holds returned checks amounting to $309.91.

(3) Sparco 707 Tire Company, Inc., for merchandise sold and delivered to receiver, and for which it holds returned checks amounting to $893.78.

The oppositions were directed particularly at the item of $1,500 to be paid to L. T. Lancaster, receiver, and that of $5,000 for attorneys' fees. Opponents prayed for "judgment rejecting the proposed tableau of distribution, and that there be judgment ordering said receiver to pay in full the claims of these appearers, as hereinabove set forth, by preference and priority over all other persons whomsoever."

After trial of the aforementioned oppositions, the following judgment was rendered and signed:

"It is ordered, adjudged and decreed

"(a) That the aforesaid account of the receiver be and it is hereby approved and homologated;

"(b) That the opposition to the tableau of distribution be and it is hereby sustained to the extent of striking from such tableau the item of One Thousand Five Hundred ($1,500.00) Dollars set forth therein as a payment to be made to L. T. Lancaster

on account and that the tableau of distribution be amended as follows:

"Out of the money deposited in the registry of this court there shall be paid to Blanchard, Goldstein, Walker & O'Quin as attorneys' fees the sum of Five Thousand ($5,000.00) Dollars and as a refund of court costs advanced by them Six Hundred Forty-two ($642.00) Dollars. The remainder of the fund, whether in the hands of the receiver or in the registry of this court, shall be prorated among the following items which are allowed and approved as preferred claims:

Taxes, City of Shreveport .... $ 187.58
Taxes, State of Louisiana .... 190.10
R. H. Frost, for auditing services ..................... 1500.00
Colbert & Snyder, for auditing services ................... 75.00
Querbes & Bourquin, Inc., premium on Receiver's bond .... 75.00
Atlas Pipe Line Corporation as holder of all outstanding Receiver's Certificates in the principal amount of $6500.00, with 7% per annum interest as provided therein to September 30th, 1936 .......... 7919.90."

From this judgment, suspensive and devolutive appeals were granted to L. T. Lancaster, receiver, returnable to this court.

█ It is incumbent on us to take notice of our lack of jurisdiction in this cause, even though the jurisdictional question has not been raised by the litigants. Dupont v. Harris Ice Cream Co., 149 La. 729, 90 So. 144; Noel Estate v. Louisiana Oil Refining Corporation (La.App.) 170 So. 272.

█ Under section 10 of article 7 of the Constitution of 1921, the Supreme Court is granted appellate jurisdiction in a suit of this nature and character where the fund to be distributed, regardless of the amount therein claimed, exceeds $2,000 exclusive of interest. Succession of Wengert, 178 La. 1027, 152 So. 747; Snyder Wagon Co. v. Campbell Ice Cream Co., 173 La. 467, 137 So. 855.

█ The amount claimed by the receiver or by each of the opponents in no manner affects the jurisdictional question herein. The question of appellate jurisdiction is determined entirely by the amount of the fund to be distributed, where an appeal is taken from a judgment approving or amending an account or a tableau of

distribution of a receiver or of a liquidator, or an administrator. Knighton v. Safety Tire Service, Inc., 177 La. 752, 149 So. 448; Succession of Wengert, supra.

The amount of the fund proposed to be distributed by the receiver in this controversy is $14,523.65. This is within the jurisdictional limits of the Supreme Court.

Accordingly, and pursuant to the provisions of Act No. 19 of 1912, it is ordered that the appeal in this case be transferred to the Louisiana Supreme Court; that a period of sixty days is granted for the perfecting of the transfer, dating from the finality of this decree; and that on failure to make the transfer within that period, the appeal shall stand dismissed.

Appellant shall pay the costs of this appeal, and all other costs are to abide the final disposition of the case.