188 So. 40

**BAKER et al. v. DUSON.**

No. 35004.

April 3, 1939.

For subsequent opinion of Court of Appeals, see 189 So. 510.

Percy T. Ogden, of Crowley, for appellants.

Bruner & Chambers, of Crowley, for appellee.

ROGERS, Justice.

Hebert B. Baker and the Billeaud Lumber Company appeal from a judgment dismissing their suit against Henry T. Duson on an exception of no cause of action.

On June 11th, 1932, Henry T. Duson acquired for the unpaid municipal taxes of 1931 under an assessment in the name of Billeaud Lumber Company, lot 10 of Block 180 and lots 4, 15 and 16 of Block 154, together with the buildings and improvements thereon, situated in the City of Crowley. On November 4, 1933, the same property, under the same assessment, was adjudicated to the State of Louisiana, for the unpaid State taxes of 1932. On January 27, 1937, the Billeaud Lumber Company sold the property, without warranty, and free from all encumbrances, except tax sales, to Hebert B. Baker and Francis L. Billeaud. On February 24, 1937, Francis L. Billeaud sold his undivided interest in the property, without warranty and free from all encumbrances, except tax sales, to Hebert B. Baker. Three days thereafter, namely, on February 27th, 1937, a certificate of redemption was issued to the Billeaud Lumber Company by the Register of the State Land Office.

On December 17, 1937, Hebert B. Baker and the Billeaud Lumber Company filed this suit to annul the tax sale by the City of Crowley to Henry T. Duson and to cancel its inscription on the conveyance records of the Parish of Acadia.

Nowhere in the petition is the value of the property in dispute set forth. However, the documents annexed to the petition affirmatively show that its value is much less than $2,000.00, the minimum jurisdictional limit of this court. These documents are the tax sale from the City of Crowley to Henry T. Duson, showing that the municipal taxes due for 1931 were $4.37; the certificate of redemption from the State Land Office, showing that the amount paid the State for the taxes of 1932, interest, costs and penalties was $10.63; the act of sale from the Billeaud Lumber Company to Hebert B. Baker and Francis L. Billeaud, dated January 27, 1937, showing that the sale of the property was made for $60.00 cash; and the act of sale by Francis L. Billeaud to Hebert B. Baker, showing the sale of the vendor's undivided half interest in the property for a consideration of $100.00 cash.

"In cases in which the jurisdiction of this court is to be determined by the amount in dispute, that amount must exceed $2,000, exclusive of interest, to vest it with jurisdiction. Const. art. 7, § 10. The phrase, 'the amount in dispute,' as here used in the Constitution, includes, within its meaning, the value of the thing in contest, where a thing, instead of an amount, is in dispute." A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459, 460.

Since the value of the property in contest is less than $2,000.00, it is obvious

that this Court has not jurisdiction of the demand to annul the sale thereof for delinquent municipal taxes.

As this court has not jurisdiction of this appeal, we must decline to entertain it, even though no motion to dismiss has been made. Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583. However, under the provisions of Act No. 19 of 1912, we are authorized to transfer the appeal to the proper court rather than dismiss it.

For the reasons assigned, this case is ordered transferred to the Court of Appeal for the First Circuit, provided the appellants shall file the record in that Court within thirty days from the date on which this decree becomes final; otherwise, the appeal shall stand dismissed. The appellants are to pay the cost of the appeal to this Court; all other costs are to await the final disposition of the case.

HIGGINS, J., absent.