PONDER, Justice.
 

 This cause comes to us by way of certiorari and review.
 

 The plaintiffs, George S. Frierson et al., instituted suit in the district court to enjoin the defendant, James Cooper, from playing or permitting music to. be played at night in the open courtyard or patio in the rear of the defendant’s place of business, or in the alternative, from operating the patio after twelve o’clock midnight. The defendant operates a restaurant in the City of New Orleans known as the Court of the Two Sisters. In connection therewith he has a patio or open courtyard at the rear of the restaurant. In this courtyard the defendant has tables to serve his patrons and a space for dancing. The defendant employs an orchestra to entertain his patrons in the courtyard. In opposing the plaintiffs’ suit, the defendant did not claim any damages. The suit'was
 
 *453
 
 tried in the lower court wherein judgment was rendered in favor of the defendant dismissing the plaintiffs’ demand. The plaintiffs appealed to the Court of Appeal for the Parish of Orleans. The defendant filed a motion to dismiss the appeal on the ground that this court had jurisdiction of the appeal for the reason that the right which the plaintiffs sought to deprive the defendant of was worth more than the sum of $3,000. There was no evidence introduced in the lower court tending to show the value of the right which the plaintiffs sought to deprive the defendant of, but the defendant filed two affidavits in the Court of Appeal for the purpose of showing the value of the right involved. The Court of Appeal overruled the motion to dismiss the appeal on the ground that no mention of the value of the limited right to have music played in the patio in evening hours was made in the affidavit. The Court of Appeal stated that the affidavits attempted to fix the value of the right to operate the patio in connection with the restaurant and to have music played at all times, but did not fix the value of the restricted right of playing music in the patio in the evening’ hours. The Court of Appeal was of the opinion that the value of the restricted right could not be determined from the record or the affidavits and overruled the motion to dismiss. 196 So. 75. The plaintiffs applied to this court for certiorari and review, which was granted. The defendant has filed two affidavits in this court to the effect that the right involved is in excess of $2,000. The matter is now submitted for our determination.
 

 Counsel for the relator takes the position that the value of the right involved in the controversy is in excess of $2,000 and that the Court of Appeal is without jurisdiction to entertain the appeal.
 

 Counsel for the respondents take the position, primarily, that a civil right is involved where no specific amount is in contest and that the Court of Appeal should entertain the appeal. Counsel for the respondents also contend that the affidavits do not support the relator’s contention that the value of the right is in excess of $2,000.
 

 Counsel for the relator contends that the value of the right in contest determines the jurisdiction of the appeal. In support of this contention counsel .cites Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; State v. Richardson, 46 La.Ann. 133, 14 So. 915; Hourgette v. Gretna, 18 La.App. 336, 147 So. 344; Harris v. Stockett, 35 La.Ann. 387; and Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459, 460.
 

 From an examination of the cited cases we find that where the possession of property is in contest it is the value of that right and not the value of the property itself which determines the jurisdiction of an appeal. Also we find that in injunction proceedings to prevent interference with reconstruction of property it is the value of the plaintiff to keep work and not the property’s entire value which determines the jurisdiction of the appeal. We also find that where the right of occupancy is in dispute it is the value of the occupancy and not that of title which determines the jurisdiction of the appeal. In Baldwin & Co. v. McCain, supra, this court stated
 
 *455
 
 that the phrase “the amount in dispute,” as used in the Constitution, includes within its meaning the value of the thing in contest where the thing instead of the amount is in dispute. This doctrine is affirmed in the case of Baker et al. v. Duson, 192 La. 391, 188 So. 40. The amount of the claim and not the value of the property against which a lien or mortgage is asserted determines the appellate jurisdiction. Gaillardanne v. Locascio, 182 La. 539, 162 So. 69.
 

 In the case of State ex rel. Broussard v. Dallas et al., 116 La. 489, 40 So. 847, it is stated to the effect that neither the importance of an office, nor the circumstances that the office may be intrusted with the distribution of public funds to a large amount, are factors in determining the jurisdiction of the appellate court, which in such cases is based on a purely pecuniary standard.
 

 In the case of State ex rel. Monnier v. Board of Pharmacy, 110 La. 99, 34 So. 159, wherein the object of the suit was to compel the board to register the relator as a pharmacist and issue him a certificate, it is stated in effect that the right to pursue the vocation as a pharmacist is worth more than $2,000. In that case there was no averment in the petition as to the value of the right and no affidavits filed setting forth the value, but this court stated that it abundantly appeared from the evidence that the right was worth more than $2,000.
 

 The affidavits filed in the Court of Appeal did not specify the value of the restricted right involved in this cause, but the affidavits filed in this court are much more explicit. Affidavits may be filed showing the pecuniary amount involved in a law suit after the motion to dismiss the appeal is filed. Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383. This court has original jurisdiction for the determination of questions of fact affecting its own appellate jurisdiction in any case pending before it and may give effect to the affidavits filed in this court. Dreher v. Guaranty Bond & Finance Co., 193 La. 757, 192 So. 246.
 

 From an examination of the evidence and the two affidavits filed in the Court of Appeal it appears that the defendant derives a net profit from his business, after paying the operation expenses, of over $9,000 a year. It is stated in the affidavit that the right to use the patio and have music therein is of a value in excess of $5,000 per year. Taking into consideration the volume of the relator’s business and the volume of the business derived from the use of the music as an added attraction would in our opinion make the restricted right sought to be enjoined herein of a value in excess of $2,000. It is only reasonable to conclude that the music in the evenings after the dinner hour draws considerable trade to the relator. In fact, it is only reasonable to conclude that the relator would receive a very limited amount of business after the dinner hour in the evenings if it were not for this added attraction. Moreover, the affidavits filed in this court are more explicit and set forth the value of the right involved with more certainty. It is alleged in the affidavits that the restricted right is of a value in excess of $3,000 a year to the relator. Un
 
 *457
 
 der the circumstances in this case, we are of the opinion that the relator’s right to have music as an added attraction to draw trade to his establishment during the evening hours is of a value in excess of $2,000, and that this court has appellate jurisdiction in 'the cause.
 

 The respondent contends that under the provisions of Sections 29,
 
 77
 
 and 81 of Article
 
 7
 
 of the Constitution that the jurisdiction of the appeal lies in the appellate court. Counsel contends that the appellate court has jurisdiction because there is -no specific amount in contest and that the right which the plaintiffs are asserting is a civil right where no. specific amount is in contest. In support of this contention counsel for the respondent cites O. E. Guillory v. Police Jury, 1 La.App. 195; Slaughter v. New St. John Missionary Baptist Church, 8 La.App. 430; Noe v. Maestri, Mayor, et al., 193 La. 382, 190 So. 588; Dastugue v. Cohen, 14 La.App. 475, 131 So. 746; Bunol v. Bunol, 168 La. 391, 122 So. 121. From an examination of these cases we find that they are not applicable. In all of the cases cited except Bunol v. Bunol, supra, the value of the right involved was not determined. In fact it does not appear that there was any allegation or proof as to the value of the rights involved.
 

 In the case of Bunol v. Bunol, supra, wherein the right to remove the remains of a deceased person from one tomb to another was involved and an affidavit was filed in this court setting forth the value of the right to be $2,500, this' court refused to entertain jurisdiction of the appeal stating that the case merely presented a justiciable right. The court further stated' that the affidavit merely fixed an approximate estimate of the sentimental value of the right to possess and remove the body from one tomb to another. Moreover, in a case of that nature it could not be said that the right involved was of any pecuniary value. Unquestionably the right involved in the instant case has a pecuniary value capable of proof. There are many civil rights assert'ed in law suits which have no pecuniary value and it is the purpose of the constitutional provision to fix the appellate jurisdiction in such cases with a degree of certainty. It is our opinion that in all cases where a right is involved which has a pecuniary value that value will gov-' ern the jurisdiction of the appeal, and the right involved herein has a pecuniary value in excess of $2,000.
 

 We have discussed the affidavits filed in the Court of Appeal and those filed in this court for the purpose of fixing the value of the right and have arrived at the conclusion, after considering all the circumstances in this case, that the right involved is of a pecuniary value in excess of $2,000. Such being the case this court should entertain the appeal.
 

 Counsel for the respondent has urged in his brief, in the alternative, should this court decide that the motion was properly taken, that the cause be transferred to this' court.
 

 In the case of Mitcham v. Mitcham, 184 La. 111, 165 So. 635, this court'went into detail as to how the transfer-of a case is perfected. It is necessary for the clerk of the Court of Appeal to send the record
 
 *459
 
 back to the clerk of the District Court, as soon as the order making the transfer becomes final, and to immediately notify the appellant. Inasmuch as the District Court ■cannot fix a return day for the filing of a transcript, it would be necessary to fix a return date within which the transcript is to be filed in this court in compliance with our rules.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled and set aside and it is now ordered that the case be transferred to this court. It is further ordered that the transcript in this cause be filed in this court in thirty days in conformity with our rules, to be computed from the date on which the record is received by the clerk of the District Court.
 

 FOURNET, J., absent.