ROGERS, Justice.
 

 Sidney D. Torres and sixteen other persons, residents and voters of the Sixth Ward of the Parish of St. Bernard, brought this suit contesting the election of Harry Serpas to the office of police juror. After defendant’s exception of no cause of action was overruled, the case was tried on its merits by the court sitting with a jury which was impanelled as prayed for by defendant in his answer. The jury returned a verdict in favor of the defendant, and the trial judge, in accordance with the verdict, rendered a judgment dismissing the suit. Plaintiffs appealed.
 

 As shown by the allegations of the petition, Sidney D. Torres, one of the plaintiffs, was chosen as the Democratic candidate for the office of police juror 'for the Sixth Ward of the Parish of- St. Ber
 
 *39
 
 nard at the primary election held on January 18, 1944. His name as such candidate was printed on the official, ballots used in the general election held on April 18, 1944. At that election Torres received 74 votes and Harry Serpas, the defendant, whose name was written on the ballots, received 106 votes. The election commissioners made their returns accordingly and they were duly promulgated as required by law. Thereafter Serpas was recognized as the legally elected police juror for the Sixth Ward of the Parish of St. Bernard and a commission as such was issued to him by the Governor.
 

 Plaintiffs, in their petition, charge that all the votes cast for Serpas were illegally counted, tabulated and promulgated for the reason that defendant had disqualified himself from becoming a candidate for the office of police juror by acting as a commissioner at and by voting in the primary election at which Torres was selected as the Democratic nominee.
 

 Plaintiffs’ suit is based on the provisions of Sections 1419, 1420, 1422 and 1423 to 1429 of the Revised Statutes and Act 24 of 1877 and Act 24 of 1894, Dart’s Stat. Secs. 2835 to 2844, both inclusive. These statutes authorize a candidate to contest an election for a ward office by presenting to the court a petition signed by ten residents of the ward, praying the court to examine the facts and decide thereon. They also prescribe the time within which the suit must be brought and the procedure which must be followed in its prosecution. Section 1422 provides that the case shall be tried summarily before the court and a jury according to the laws by which other jury trials are governed and that a majority only of the jurors shall be required to return a verdict. The section further provides: “The jury shall have power to determine by their verdict which of the parties is entitled to the office, or to refer the same again to the people. The court shall have no power to grant a new trial as in other cases, and no appeal shall be allowed.” Section 1423 provides that the judgment upon the first finding of the jury shall be final and that a commission shall be issued to the person in favor of whom the verdict is rendered. Act 24 of 1894, amending and re-enacting Sections 1419 and 1421 of the Revised Statutes, as amended and re-enacted by Act 24 of 1877, provides that suits instituted to contest the election of a parish officer, “shall be filed and tried in all respects as ordinary suits; except that they shall be entitled to trial by preference.”
 

 Defendant has moved to dismiss the appeal on the ground that it was improv-idently granted, for the reason that under the provisions of Sections 1422 and 1423 of the Revised Statutes plaintiffs are without the right of appeal from the verdict of the jury and the judgment thereon.
 

 Plaintiffs contend, by way of argument in their opposition to the motion to dismiss, that their suit was brought under Section 1419 of the Revised Statutes, as amended by Act 24 of 1894, Dart’s Stat. § 2835. That at the time of the adoption of the Revised Statutes, Sections 1419 and 1422, Dart’s Stat. § 2837, thereof made it mandatory that the election contests provided for
 
 *41
 
 in the former section be tried by a jury, and Sections 1422 and 1423, Dart’s Stat. § 2838, provided that the verdict of the jury should be final and that no appeal should lie therefrom. That the Legislature, by adopting Act 24 of 1924 amending Section 1419 of the Revised Statutes, Dart’s Stat. § 2835, eliminated the provision requiring the trial by jury, and provided in lieu thereof that the election contests authorized by Section 1422 should be tried in all respects as ordinary suits with the exception that they should be tried by preference. Plaintiffs, in support of their argument, refer to the case of Gauthier v. Lapeyrouse, 122 La. 35, 47 So. 367, wherein this Court held that the provision in Act 24 of 1894, providing that contested election cases should be tried in all respects as ordinary suits, except that they should be tried by preference, left Section 1422 of the Revised Statutes without effect and repealed to the extent that the section directs in mandatory terms that the trial shall be proceeded with before the court and jury.
 

 Plaintiffs urge in argument that a trial in ordinary suits does not necessarily contemplate a trial by jury, although such a trial may be had if demanded by either party. And plaintiffs insist that it was not the intention of the Legislature in adopting the statutes to which we have referred to deny the right of appeal from the verdict of the jury and at the same time to grant the right of appeal from the judgment of the court itself.
 

 It, therefore, appears that the issue raised by the motion to dismiss and the opposition thereto involves the interpretation of provisions contained in certain legislative acts and several sections of the Revised Statutes. But we are powerless to consider and dispose of that issue unless this Court has appellate jurisdiction of the subject matter of the dispute. Dupont v. Harris Ice Cream Co., Inc., 149 La. 729, 90 So. 144.
 

 In cases in which the appellate jurisdiction of this Court is to be determined by the value of the thing in contest, the value must exceed $2,000, exclusive of interest. Const, art. 7, § 10; A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; Baker v. Duson, 192 La. 391, 188 So. 40. The thing in contest in this case is the office of police juror for the Sixth Ward of the Parish of St. Bernard. The affidavit of the plaintiff, Sidney D. Torres, which is annexed to the motion for appeal, shows that the emoluments of the office will amount to less than $1,500 for the entire term of four years. Hence, this case is not within the jurisdiction of this Court.
 

 Since the value of the thing in contest is not within our appellate jurisdiction, we must decline to entertain the appeal, although no motion to dismiss has been made on that ground. Baker v. Duson, 192 La. 391, 188 So. 40. For this reason also we do not reach the issue raised by the motion to dismiss the appeal. Dupont v. Harris Ice Cream Co., Inc., 149 La. 729, 90 So. 144. However, as the affidavit of Torres, to which we have referred, shows that the value of the thing in contest exceeds $100, exclusive of interest, the Court of Appeal for the Parish of Orleans
 
 *43
 
 has jurisdiction of the case, and the appeal will be transferred to that Court as authorized by law. Const, art. 7, §§ 29 and 27; Gaillardanne v. Locascio, 182 La. 539, 162 So. 69.
 

 For the reasons assigned, it is ordered that this casé be transferred to the Court of Appeal for the Parish of Orleans to be disposed of according to law, provided that the appellants shall file the record in that Court within. 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellants are to pay the costs of the appeal to this Court and all other costs are to await the final disposition of the case.