Appellant and appellees have moved jointly for the transfer of this appeal to the Supreme Court, suggesting that the amount involved exceeds the upper limit of our jurisdiction.
The judgment, which is suspensively appealed from by relator, William T. Reed, recalled the alternative writ of mandamus and dismissed relator's suit.
Relator sought by way of mandamus to have Victorin A. Pitre, Clerk of Court and ex officio Register of Conveyances for the Parish of Jefferson, cancel and erase from the records of his office the inscription of a lease entered into between relator's vendor and Thomas J. Nolan covering certain real estate located in Jefferson Parish, which lease contained an option running in favor of the lessee granting to him the specific privilege of purchasing the property during the period of the lease for $4,950. Relator also seeks to have cancelled from the conveyance records the inscription of an affidavit by Mr. and Mrs. Thomas J. Nolan dated January 25, 1946, reciting that they desired to exercise the option and purchase the property.
Relator alleges that the lease and option have no force or effect and are null and void, and that the recordations operate as a cloud upon his title. Mr. and Mrs. Nolan, who were made parties defendant, on the other hand contend in their answer that the option is valid and that they timely indicated their desire to buy the property, and that relator is legally bound to sell to them.
The phrase "the amount in dispute" as used in the constitution to determine the court's jurisdiction includes within its meaning the value of the thing in contest, where a thing instead of an amount is in dispute. Baldwin Co. v. McCain, 159 La. 966, 106 So. 459, Frierson et al. v. Cooper,196 La. 450, 199 So. 388. The validity of the recorded option and the efficacy of the alleged acceptance of it by Mr. and Mrs. Nolan are at issue, and it necessarily follows that the value of the thing involved is the $4,950 which the Nolans would have to pay for the property in exercise of the option. It is, therefore, clear that the thing in dispute far exceeds our maximum jurisdictional amount. Const. 1921, art. 7, secs. 10 and 29. Even if the joint motion had not been filed by the parties, it would have been our duty to notice ex officio our lack of jurisdiction ratione materiae. We have, therefore, concluded to grant the motion and to transfer this appeal to the Supreme Court in accordance with the authority vested in us by Act No. 56 of 1904, as amended by Act No. 19 of 1912.
It is ordered, adjudged, and decreed that this appeal be transferred to the Supreme Court of Louisiana, provided that appellant shall file the transcript of the case, together with a copy of this decree, in the Supreme Court within sixty days from this date; otherwise the appeal is to stand as dismissed. Costs of this court are to be paid by appellant.
Appeal transferred to Supreme Court. *Page 258