McCALEB, Justice.
 

 Michael Cannella, as mortgage creditor of his deceased father, Vincenzo Cannella, brought executory proceedings and secured a writ of seizure of the mortgaged property bearing Municipal Nos. 2411-2413 Royal Street in the city of New Orleans. Averring that the succession of his father was under administration and that he was the executor thereof, he obtained the issuance of a notice of demand for payment to be served on himself, as testamentary executor, and also upon his brothers and sisters and three children of a predeceased brother, declaring that they were the sole and only heirs of his late father.
 

 In due course, Anthony, Joseph and John Cannella and the three children of Vincent Cannella, alleging that they are the owners of the property seized under the writ by virtue of a counterletter executed by Vincenzo Cannella which was registered in
 
 *467
 
 the conveyance records prior to the execution of the mortgage in favor of Michael Cannella and that, therefore, the mortgage is ineffective as to the property, obtained a temporary order arresting the seizure and sale and also a rule nisi for plaintiff to show-cause why a preliminary injunction should not be granted.
 

 After a trial of the matter, which was submitted for decision on its merits, there was judgment upholding the validity of the counter-letter and declaring that the property was not subject to the mortgage held by plaintiff. Plaintiff has appealed from the adverse decision.
 

 At the outset, we doubt that this court has jurisdiction of the case. Section 10 of Article VII of the Constitution restricts our appellate jurisdiction in civil suits to cases “where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, * ' * As appellant is foreclosing on a mortgage for considerably less than that sum ($1,045), it would seem that the Court of Appeal is the proper reviewing tribunal. See Section 29, Article VII of the Constitution.
 

 It was suggested, however, during oral argument that, since appellees have enjoined the seizure and claim ownership, the title to the real estate is in dispute and that, under these circumstances, the true test of our appellate jurisdiction is the value of the property and not the amount of appellant’s claim.
 

 This suggestion is not well founded because it would require a disregard of the clause contained in Section 1 of Article VII of the Constitution which declares “In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand.” The main demand in the instant case is for $1,045 plus interest, payment of which is allegedly secured by a mortgage oh the seized property. The injunction proceeding taken by appellees, as third persons claiming ownership of the property, to arrest the seizure and sale is an incidental demand, specifically authorized by Articles 395, 396 et seq. of the Code of Practice dealing “Of the Opposition of Third Persons.” These articles are found under Chapter 3 of Title I, Part II of the Code of Practice which treats “Of the Incidental Demands which may be made pending the Action”.
 

 The fact that appellees were joined as parties defendant in the foreclosure proceedings can make no difference in the determination of our appellate jurisdiction— for, if we assume that the joinder was proper,
 
 [1]
 
 then appellees’ claim as owners under
 
 *469
 
 the counter-letter would place it in the category of a reconventional demand. Thus, in either case, whether the claim coupled with the prayer for an injunction be regarded as an incidental or reconventional demand, appellate jurisdiction under Section 1 of Article VII of the Constitution would be vested in the court having jurisdiction of the main demand. Monjure v. Cousins, 160 La. 208, 106 So. 785; Louisiana State Rice Milling Co. v. Gage, 162 La. 350, 110 So. 555; Barker v. Houssiere & Latreille Oil Co., 163 La. 555, 112 So. 415; Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386 and Gentilly Development Co. v. Carbajal, 168 La. 786, 123 So. 325.
 

 In our research in this case, we have found statements in a few decisions to the effect that appellate jurisdiction in executory proceedings (involving injunctive relief) depends upon whether the injunction is sought by the defendant or by a third person whose property is seized under the writ. For example, it was declared in Lhote & Co. v. Church Extension Society, 1905, 115 La. 487, 39 So. 502, and repeated in Tremont Lumber Co. v. Talbot, 140 La. 887, 78 So. 183 and Louisiana Western Lumber Co. v. Stanford, 178 La. 1052, 152 So. 755
 
 [2]
 
 that, where the judgment debtor enjoins the execution, the test of jurisdiction is the amount of the .judgment and not the property seized but that, if a third person enjoins the execution, jurisdiction is governed by the value of the property as that is the amount involved. But, in making this observation in the cited cases, the court failed' to give consideration to the provisions of Section 1 of Article VII of the Constitution. In reality, the statements hark back to early decisions which were handed down long before the appellate jurisdictional clause, Section 1 of Article VII, had been placed in our organic law.
 

 The provision that the appellate court having jurisdiction of the main demand is the court that has jurisdiction on an appeal from a judgment on a reconventional or other incidental demand, which presently appears in Section 1 of Article VII of the Constitution, was also contained in the Constitutions of 1898 and 1913, being Article 95 in each of those Constitutions. But the clause is not to be found in the Constitution of 1879 or any of our previous constitutions. 'I
 

 Prior to the adoption of the Constitution of 1898, it had been generally thought (see long list of authorities cited by the court in Lhote & Co. v. Church Extension Society, supra)
 
 [3]
 
 that a different test of ap
 
 *471
 
 pellate jurisdiction was to be applied where a third person, and not a judgment debtor, enjoined the execution. Unfortunately, the court, in Lhote & Co. v. Church Extension Society, supra, apparently overlooked the fact that the Constitution of 1898 altered the situation so as to vest jurisdiction on appeals from reconventional or other incidental demands in the court having jurisdiction of the main demand- — -and this, irrespective of whether it was the judgment debtor or a third person enjoining the execution
 
 [4]
 

 For the foregoing reasons, the case is ordered transferred to the Court of Appeal for the Parish of Orleans provided that the record is filed in that court within thirty days from the date on which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this court shall be paid by appellant.
 

 [1]
 

 . Since it was alleged
 
 that the
 
 mortgagor’s succession was under administration and that appellant was the testamentary executor, it would appear that the executory proceedings were properly conducted against him in that capacity
 
 *469
 
 under Article 734 of the Code of Practice (see also Mase v. Wetzel, 174 La. 728, 141 So. 443) and that the heirs were unnecessary parties.
 

 [2]
 

 . Also intimated in Gaillardanne v. Locascio, 182 La. 539, 162 So. 69.
 

 [3]
 

 . The court cites 22 cases in support of the statement that, when a third person enjoins the execution of a judgment, the test of jurisdiction is the value of the property seized since that is the issue in dispute. Examination of these cases,
 
 *471
 
 beginning with Holland v. Duchamp, 12 La.Ann. 784, decided in 1857, and ending with State ex rel. Adams v. Judges, 41 La.Ann. 56, 5 So. 527, decided in 1889, will reveal that, while quite a few of the opinions make the statement relied upon by the court in the Lhote case, not one of them involved a third person enjoining execution of a seizure. Moreover, in the cases which recognize the existence of a different test of appellate jurisdiction, when a third person is involved, no reason is given for such a rule. Of course, it is to be observed that practically all these cases were decided before the creation of the Courts of Appeal in 1879, Prior to the existence of the Courts of Appeal there was hardly any reason for the provision contained in Section 1 of Article VII of our present Constitution as this court was the only court vested exclusively with appellate jurisdiction. See Article 74, Const.l86S; Article 70, Const.1864; art. 62, Const. 1852; Article 63, Const.1845 and Section 2, Article IV, Const.1812.
 

 [4]
 

 . The statements in Tremont Lumber Co. v. Talbot; Louisiana Western Lumber Co. v. Stanford, supra, and Gaillardanne v. Locasio, 182 La. 539, 162 So. 69 are mere reiterations of the dictum set forth in the Lhote case.