McCALEB, Justice
(dissénting in part).
I am in complete accord with the ruling in case No. 39,584 that the appeal presents a moot question inasmuch as the State officials have already performed the acts sought to he enjoined.
However, I believe that the court is in error in not transferring the appeal in case No. 39,485 to the Court of Appeal as it is not within our appellate jurisdiction. The suit of Langlois and a number of residents of the town of New Roads demands, primarily, an annulment of the election, held in the town on January 3, 1949, on various grounds. ' Alternatively, Langlois pleads that, in case the validity of the election is upheld, he is entitled to be declared the' elected Mayor because he received the greatest number of legal votes cast despite the returns to the contrary. In the lower court, there was judgment decreeing the nullity of the election and the defendants have appealed here.
Since the main demand is for an annulment of an election, it seems clear to me that this court is without appellate jurisdiction. Our jurisdiction, under Section 10 of Article 7 of the Constitution, is restricted in civil suits (except in particular matters not applicable here) to cases where the amount in dispute or the fund to be distributed exceeds $2,000, exclusive of interest. I think it apparent that a suit to declare an election null is neither a monied demand nor one in which the right involved can be said to be capable of monetary appraisement. Plainly, it involves merely the assertion of a justiciable right and, therefore, the appeal is cognizable in the Court of Appeal under Section 29 of Article 7 of the Constitution. Bunol v. Bunol, 168 La. 391, 122 So. 121 and Noe v. Maestri, 193 La. 382, 190 So. 588.
While- it appears that Langlois is contesting the election, having claimed to have received a majority of the votes, this demand is asserted in the alternative, or as an incident to the main demand and only in the event the latter is not sustained. Accordingly, it shoidd not be considered in determining appellate jurisdiction in view of Section 1 of Article 7 of the Constitution which provides- that, where an appeal is taken in cases involving a reconventional or incidental demand “the appeal shall lie to the court having jurisdiction of the main demand.” See Cannella v. Succession of Cannella, 216 La. 464, 43 So.2d 795.
The majority opinion, in maintaining appellate jurisdiction in this court, relies - on Perez v. Cognevich, 156 La. 331, 100 So. 444; Guidry v. Dutel, 147 La. 883, 86 So. 318 and Hart v. Picou, 147 La. 1017, 86 So. 479. But a reading of those cases will readily reveal that they are inapposite here. The question of whether a main demand for the nullity of an election is an election contest, in which appellate jurisdiction is tested by the emoluments of office, Torres v. Serpas, 207 La. 36, 20 So.2d 416, was not presented for consideration in any of those adjudications.