LE BLANC, Justice
(dissenting).
This suit has for its object the abatement of a nuisance which, for the reasons set out in their petition and as stated in the majority opinion, the plaintiffs allege “they are continuously being deprived of the use and enjoyment of their property and residence.”
In paragraph 12 of their petition plaintiffs allege that the value of their properties, the location of which is given in their petition, is in excess of $2,000 and “that the right of use and enjoyment [of said properties] is also in excess of two thousand dollars ($2000.00).” In its answer, the defendant “admits the allegations contained in Paragraph XII of Plaintiffs’ petition.”
Undoubtedly, the plaintiffs are seeking to enforce a civil right; one to be main *564 tained in the peaceful and quiet use and enjoyment of their property, unmolested and free of the disturbances caused by the alleged actions of the defendant and, admittedly, this right has a value in excess of $2,000..
In Frierson v. Cooper, 196 La. 450, 199 So. 388, 390, in considering the question of the jurisdiction of this Court in cases involving civil rights, the Court made it plain that where such right has a pecuniary value susceptible of proof, jurisdiction on appeal attaches according to the amount of such value. In reference to this the Court stated: “Unquestionably the right involved in the instant case has a pecuniary value capable of proof. There are many civil rights asserted in law suits which have no pecuniary value and it is the purpose of the constitutional provision to fix the appellate jurisdiction in such cases with a degree of certainty. It is our opinion that in all cases where a right is involved which has a pecuniary value that value will govern the jurisdiction of the appeal, and the right involved herein has a pecuniary value in excess of $2000.”
It is true that the value of plaintiffs’ property is not at issue in this case and neither is the value of the improvement that may be made in the future but likewise the value of the property in the cited case of Frierson v. Cooper was not at issue. It was the exercise of the right of use and enjoyment of the property that was involved in that case the same right which the plaintiffs in this case are seeking to enforce and as the value of that right is admittedly in excess of the sum of $2,000 I am of the opinion, following the reasoning of the Court in Frierson v. Cooper, that the appeal properly lies in this Court.
On the jurisdictional question that is involved the decision in this case cannot, in my humble opinion, be reconciled with that in the Frierson case. Both cannot be right. I think that the conclusion reached in the' Frierson case is sound. If it is not then I submit that the decision in that case should be overruled.
For the reasons stated I respectfully dissent.